299 So.2d 913 (1974)
Lee Otis PAYNE, Plaintiff-Appellee,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants-Appellants.
No. 4650.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1974.
*914 Watson, Murchison, Crews & Arthur by William P. Crews, Jr., Natchitoches, for defendants-appellants.
Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before FRUGE, CULPEPPER and WATSON, JJ.
WATSON, Judge.
Defendants appeal from an adverse judgment in this workmen's compensation case. The plaintiff, Lee Otis Payne, was given judgment against the defendants, Travelers Insurance Company, the compensation insurer, and Sherwood Homes, Inc., the employer, awarding weekly compensation benefits of $49.00 per week from December 23, 1972 until June 19, 1973, together with legal interest on each weekly instalment from due date until paid and medical expenses in the sum of $64.00.
The failure to pay compensation benefits and medical expenses was held to be arbitrary and unreasonable, and the trial court assessed penalties against the defendants on the amounts awarded to plaintiff and ordered payment of attorney's fees of $1,000.00.
Plaintiff has answered the appeal suggesting that, because of additional legal work involved in the appeal, the attorney's fees should be increased.
The facts and pertinent dates involved in the litigation are as follows: Plaintiff was employed in Sherwood Homes' business as a "lead man" in the installation of plumbing and other fixtures in the building of mobile homes. In an incident of horseplay on July 14, 1972, a fellow employee shot a steel staple of approximately 3½ inches in length through plaintiff's boot, through his foot and into the floor, thus in effect stapling plaintiff to the floor. It was necessary to employ a screwdriver or some similar instrument to release plaintiff. In passing through the foot the staple pierced the second metatarsal bone.
Plaintiff was referred to Dr. Charles E. Cook, a general practitioner of Natchitoches, Louisiana, who removed the staple. Dr. Cook instituted treatment and authorized plaintiff to return to work on July 31, 1972. He was paid three weeks' compensation before returning to work.
Plaintiff resumed the duties of his employment, and, according to the record, he performed substantially the same duties he had prior to the accident. However, on approximately December 1, 1972, a plantar callus which had developed on the bottom of plaintiff's foot at the site of the staple penetration became so painful that he found it difficult to work. He returned to Dr. Cook and was referred by Dr. Cook to Dr. Ray E. King, an orthopaedic surgeon in Shreveport.
While under treatment by Dr. Cook and Dr. King, plaintiff was discharged in January, 1973 by his employer due to circumstances which have no particular relevance to the issues now presented.
On the question of disability, defendants have made a contention in their brief that plaintiff was not disabled during the period awarded by the trial court, but we find this argument to be without merit, the record amply supporting the conclusion reached by the trial court, based on the testimony of Dr. Cook and the report of Dr. King.
The principal issue in this litigation is prescription. The question is whether plaintiff's suit, filed more than one year subsequent to the accident but less than one year subsequent to the second manifestation of disability, was timely.
*915 We have reviewed the applicable statute which is LSA-R.S. 23:1209[1] and the applicable jurisprudence. We find that defendants' theory that plaintiff's right of action is prescribed under these facts has been considered and rejected in the decisions of Manuel v. Travelers Ins. Co., 46 So.2d 319, (La.App. 1 Cir. 1950) and Croswell v. Wells, 102 So.2d 794, (La.App. 2 Cir. 1958), writ denied. The rule of these cases may be summarized as follows: The prescriptive period does not begin to run as to subsequent manifestations of disability until the date of the later manifestation, even though the disability manifested itself at some earlier time and the employee was paid benefits for a previous period of disability. However, the suit for compensation in all cases must be filed within the peremptive period of two years from date of accident.
We agree with the reasoning of the cases cited and we conclude that the trial court correctly held plaintiff's claim was not prescribed.
The final issue presented related to the allowance of penalties and attorney's fees. Our examination of the record indicates no reason whatsoever for the failure on the part of defendants to pay the medical bill of Dr. Charles E. Cook. The bill was for the relatively modest sum of $64.-00; the failure to pay was clearly arbitrary and unreasonable; thus necessitating litigation for the payment of this medical expense. Compare Dobbins v. Liberty Mutual Insurance Company, 280 So.2d 582 (La.App. 3 Cir. 1973). Therefore, we conclude that the trial court was correct in awarding penalties and attorney's fees in this case.
The appeal has necessitated additional work on the part of counsel for plaintiff. Under the circumstances, we have concluded that an additional award in the amount of $500.00 should be made for attorney's fees.
It is therefore ordered, adjudged and decreed that the judgment of the trial court is amended to increase the award for attorney's fees to the sum of $1500.00 and, as amended, the judgment is affirmed. Costs of the appeal are taxed against appellants.
Amended and affirmed.
NOTES
[1] § 1209. Prescription

In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.