BOUTALL, Judge.
The sole issue in this appeal involves the determination by the trial judge that the refusal of the employer to pay workman’s compensation benefits was not arbitrary, capricious, or without probable cause.
The facts are as follows: Melvina Bryant, appellant, was employed as a bus driver for New Orleans Public Service, Inc., the appel-lee. On May 25, 1975, Mrs. Bryant slipped getting out of the driver’s seat of her bus injuring her back. NOPSI paid workman’s compensation benefits for one year following the accident, then refused further payment. Appellant filed suit for further benefits on July 15, 1976. In October of 1976, NOPSI paid appellant a lump sum covering the period from May, 1976 through October, 1976. Regular payments were then continued until August of 1977, then ended. NOPSI also refused to pay certain medical bills which appellant had incurred.
The trial court rendered judgment in favor of Mrs. Bryant decreeing her to be totally and permanently disabled and entitled to compensation benefits for 500 weeks, less credit for 118 weeks previously *101 paid, and for all medical expenses incurred, less credit for those already paid. The claim for penalties and attorney’s fees, however, was dismissed. The judge stated in his written reasons for judgment that appellant’s physical condition was in dispute and that he therefore could not conclude that NOPSI was “arbitrary in refusing to accept the physchological evidence at face value.” Mrs. Bryant appeals from this finding.
Penalties and attorney’s fees are to be awarded only if the failure to pay is “arbitrary, capricious, or without probable cause”. Louisiana Revised Statute 23:1201.2. There is testimony in this record to the effect that no objective findings showed up in medical examinations of appellant to indicate the degree of disability which she presents. Some doctors testified that appellant’s pre-existing personality problems contributed greatly to her condition. In view of this evidence, we cannot say that the trial judge’s refusal to award penalties or attorney’s fees was manifestly erroneous for compensation payments.
We find, however, no justification in the record for the failure to pay certain medical bills of appellant, nor does NOPSI offer any reason. An arbitrary failure to pay medical bills also exposes the employer to penalties and attorney’s fees under the statute cited above. See Payne v. Travelers Insurance Company, 299 So.2d 913 (La.App. 3rd Cir. 1974). The bills in question are owed to Doctors Russo and Trahant and Baptist Hospital. Dr. Russo first saw the patient on a referral from Dr. Peterson of NOPSI. NOPSI paid part of the bill to Dr. Russo, but has never paid the balance. Appellant was treated by Dr. Trahant after a referral from Dr. Russo, who had admitted her to Baptist Hospital. For the employer to refuse to pay these bills after its own physician had referred the employee to Dr. Russo is an arbitrary failure to pay under the statute.
The evidence shows that the unpaid balance owed to Dr. Russo amounts to $696.00. Dr. Trahant and Baptist Hospital are owed $140.00 and $672.21 respectively. We therefore affirm that portion of the judgment which finds that appellee’s refusal to pay weekly benefits was not without probable cause, but set aside the judgment as to the unpaid medical bills set out above.
IT IS THEREFORE ORDERED THAT the judgment below be amended to include the statutory penalty of 12% on the amount of $1508.21 representing the sum total of payment of medical bills arbitrarily withheld. We also award attorney’s fees in the amount of $500.00. As amended, the judgment below is affirmed. Costs of this appeal to be paid by the appellee, New Orleans Public Service, Inc.

AMENDED AND AFFIRMED.

LEMMON, J., concurs and assigns reasons.