404 So.2d 306 (1981)
Willie ROBINSON, Plaintiff-Appellee,
v.
STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 8346.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1981.
*307 Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendant-appellant.
Fuhrer & Flournoy, George A. Flournoy, Alexandria, for plaintiff-appellee.
Before FORET, SWIFT and DOUCET, JJ.
SWIFT, Judge.
This workmen's compensation suit arose from an accident on April 21, 1980, when Willie Robinson and a fellow employee of Payton Plumbing Company dropped a manhole cover from a sewer line on the plaintiff's left foot.
Dr. Robert R. Sills of Natchitoches examined and xrayed Robinson's foot the day of the accident and found he had suffered an undisplaced fracture of the proximal phalanx of the left great toe. A short leg cast was applied and the physician prescribed a pain medication. The cast was removed on May 30 and another xray was made. Because of Robinson's complaint that his foot was still painful, Dr. Sills recommended hot soaking and a loosely fitted shoe. He continued the plaintiff on pain medication and also suggested whirlpool baths. When Robinson was examined on June 30 he requested a release to return to work. No swelling of the toe was noted and the doctor complied. The release was unrestricted.
On July 11, 1980, Robinson filed this suit asserting that he was totally and/or partially disabled. However, on July 15 he went to Dr. Sills' office again, requesting that his blood pressure and blood sugar content be checked and that he be given a statement that he could go to work. The doctor thought this was related to his obtaining other employment at a local chicken processing plant. Robinson made no mention or complaint of his foot at this examination. Later in that same month the plaintiff asked Dr. Sills to refer him to an orthopedic specialist and he did so without any further examination. Dr. Sills' opinion was that no further medical treatment for Robinson's injury was needed after June 30, 1980, and that he was then able to resume his plumbing work. The doctor added that he "might feel someI don't think it would be a major painI think it would be some minor pain." However, he acknowledged that pain is a subjective thing varying with each individual.
Dr. Baer I. Rambach, a Shreveport orthopedist, examined the plaintiff at Dr. Sills' request on July 29. He felt that Robinson still had some residual swelling and discomfort. However, the fracture had healed satisfactorily and the plaintiff could on that *308 date return to his former work without further treatment. He suggested that Robinson wear a closed-over shoe with a firm sole. He testified that he probably would not have released Robinson to return to heavy work which required long standing on June 30 or July 15 if he had been symptomatic at such times.
The plaintiff testified that his foot continued to swell and hurt and this was why he went back to see Dr. Sills on June 30. The trial judge apparently believed him and awarded weekly compensation at the rate stipulated by the parties of $113.33 from the accident through July 29, 1980 (when Dr. Rambach saw plaintiff and found no disability), subject to a credit for benefits previously paid. The judgment also ordered the defendant to pay Dr. Rambach's bill of $80.00 and awarded penalties and a $2,000.00 attorney's fee.
Defendant, the employer's insurer, has appealed this judgment. Plaintiff has answered the appeal seeking an increase in the attorney's fee.
Appellant first contends the trial court erred in concluding that Willie Robinson was disabled through July 29, 1980. While we must admit that this court may have reached a contrary result had it been the initial trier of fact, we are unable to say that the trial judge was clearly wrong on this factual issue. Consequently, the award of weekly compensation will be affirmed.
We also are unable to agree with appellant's contention that it is not liable for Dr. Rambach's bill for the reason that the doctor did not render any treatment to Robinson. Unlike the situation where a plaintiff is sent to a physician by his own attorney simply for evaluation for trial, Robinson was referred by Dr. Sills, the attending physician, to Dr. Rambach presumably for his evaluation and recommendations because of plaintiff's additional complaints. It is clear that this examination was not made simply in connection with litigation. We believe it was a necessary medical expense for which the employer is liable. Bryant v. New Orleans Public Serv., Inc., 367 So.2d 100 (La.App. 4 Cir. 1979), writ denied 369 So.2d 457 (La.1979). We find, however, that the bill has actually been paid, so the judgment will be amended accordingly.
Appellant next contends that the trial court erred in awarding penalties and a $2,000.00 attorney's fee. In his written reasons for judgment the judge said he did so because there was no explanation by the defendant why Dr. Sills' bills of May 30 and June 30 for $30.00 and $10.00, respectively, were not paid until October 25, 1980, two days before the trial, and Dr. Rambach's bill of July 29 for $80.00 was never paid.[1]
The plaintiff was never billed for such services. However, it was stipulated the bookkeepers of these physicians would testify that their respective offices sent such bills to the employer on the dates mentioned and that Dr. Rambach's office also sent a similar bill to Payton Plumbing on the 20th days of August, September and October, 1980.
The defendant's employees testified they mailed a check for $120.00 to the employer to cover these bills within a short time after they were received. However, the record contains no explanation as to why Payton Plumbing Company delayed paying the doctors.
Be that as it may, we find from our review of the record that no demand was ever made by the plaintiff on the employer or its insurer to pay these particular medical expenses. They do not appear in the list of expenses set forth in the petition filed on July 11, 1980.[2] Nor are they listed in plaintiff's *309 counsel's letter of August 13, 1980, to defendant's attorney demanding reimbursement for certain medical and travel expenses amounting to $164.34.[3] In response thereto the defendant's draft for $252.22 was sent to plaintiff and his attorney by letter of August 21, 1980.[4] Although the plaintiff's employer was his brother-in-law and his sister handled the compensation matters for the company, there is no indication that he ever inquired about or requested payment of Drs. Sills' and Rambach's bills. Nor does the record reflect any specific request or demand by him or his counsel on the defendant insurer for payment of these medical bills.
LSA-R.S. 23:1201.2 provides that an employer's failure to pay compensation benefits within sixty days after receipt of notice gives rise to imposition of penalties when such failure is arbitrary, capricious or without probable cause. However, LSA-R.S. 22:658, relative to insurers, provides that failure to make such payment within sixty days after receipt of proof of loss and demand therefor is cause for imposing penalties when the failure to pay benefits is arbitrary, capricious or without probable cause. It therefore appears that while simple notice of the medical expense being incurred and untimely arbitrary payment thereof gives rise to imposition of the penalties upon an employer, the statute dealing with insurers requires proof of loss, demand and untimely arbitrary payment to impose penalties on an insurer.
In this case the plaintiff chose to sue only the workmen's compensation insurer. No demand having been made on the defendant for the benefits that were not timely paid, the plaintiff is not entitled to recover the statutory attorney's fee in this instance. We also must add that we do not believe the insurer's actions under these circumstances were arbitrary, capricious or without probable cause.
For the foregoing reasons, the judgment of the district court is amended so as to delete therefrom the order to pay Dr. Rambach's bill of $80.00 and also the award to plaintiff for statutory penalties and the attorney's fee of $2,000.00. In all other respects the judgment is affirmed. The costs of this appeal are assessed to plaintiff-appellee.
AMENDED AND AFFIRMED.
NOTES
[1] The record reflects that the latter part of this statement is incorrect as there was filed by consent after trial (and apparently after the judge's written reasons were rendered) a copy of the cancelled check of Payton Plumbing dated October 10, 1980, made payable to this physician's clinic for $80.00. The date the check was deposited by the payee is not clear, but it was endorsed by the depositary bank on October 31, 1980.
[2] The expense of Dr. Rambach's examination, of course, had not been incurred as it was made on July 29, 1980.
[3] The trial judge noted in his opinion that the plaintiff grossly exaggerated the amount of mileage involved in the travel claim and there is no evidence that plaintiff had actually had the physical therapy for which some travel expenses were demanded.
[4] Thus, through error plaintiff was overpaid $87.87.