GREMILLION, Judge,
dissents in part.
Li concur in the majority’s ruling on the issue of the employee’s average weekly wage. I concur with the majority on the issue of attorney fees at the trial level. I dissent on the award of attorney fees on appeal.
The award of attorney fees at the appellate level has long been predicated on the notion that the party who was successful at the trial level and successfully defends that judgment should not bear the additional expense and burden when she succeeds on appeal. Even as far back as 1975, we stated (emphasis added):
This court has consistently recognized the fact that litigants successful at the trial level, must incur additional expenses to protect their rights upon appeal. Accordingly we have granted additional attorney’s fees in the amount of $500.00 in similar cases. Benoit v. Travelers Insurance Company, 251 So.2d 87 (La.App. 3rd Cir.1971); Thibodeaux v. Associated Distributing Company, 260 So.2d 46 (La.App. 3rd Cir.1972); Ryder v. Insurance Company of North America, 282 So.2d 771 (La.App. 3rd Cir. 1973); Payne v. Travelers Insurance Company, 299 So.2d 913 (La.App. 3rd Cir.1974); Delahoussaye v. Allen Action Agency, Inc., 300 So.2d 575 (La.App. 3rd Cir.1974).
Horn v. Vancouver Plywood Co. 322 So.2d 816, 820 (La.App. 3 Cir.1975). We recently affirmed this in Bourgeois v. Brown’s Deli & Market, Inc., 09-290 (La.App. 3 Cir. 10/14/09), 21 So.3d 1072. See also Rivers v. Bo Ezernack Hauling Contr., Inc., 09-991 (La.App. 3 Cir. 3/10/10) 32 So.3d 1091, and Agilus Health v. Accor Lodging North America, 09-1049 (La.App. 3 Cir. 3/10/10), 32 So.3d 1120. The appellant lost 12her demand on the calculation of her average weekly wage at the trial court and again before us; this on an issue her counsel had unsuccessfully litigated before the same trial court, against the same employer, and had unsuccessfully appealed to this court in Ivory v. Southwest Dev. Ctr., 07-1201 (La.App. 3 Cir. 3/5/08), 980 So.2d 108. She failed to receive the amount of attorney fees she sought at the trial level. The only portion of the WCJ’s ruling we disturbed on appeal was the amount of the attorney fees award. Because Rochester succeeded in being awarded an additional $3,000 in attorney fees does not entitle her to $3,000 in fees on appeal.
Additional fees for appeal are not warranted when a party loses at the trial level; but, even were one to accept the premise that fees can be awarded for a successful appeal, they are totally unwarranted when the only issue on which she succeeds is the attorney fee award. I respectfully dissent from the majority’s award of $3,000 in *1046 attorney fees for work performed on the appeal.