11 YELVERTON, Judge.
This is an appeal in a worker’s compensation case. The appellant-employer, Alexandria Coca-Cola Bottling Company, complains that the administrative hearing officer erred in five rulings pertaining to: (1) medical expenses, (2) past supplemental earnings benefits (SEBs), (3) future SEBs, (4) vocational rehabilitation, and (5) penalties and attorney’s fees.
|2FACTS
Mikhail Smirnov, a Russian immigrant, worked for Coca-Cola as a road salesman. His job required him to do a lot of heavy *229 lifting and bending. He would unload 350-450 cases of coke a day. He had a preexisting spondylolisthesis. On May 4,1993, Smir-nov was making a delivery at a restaurant. He placed three 5-gallon tanks of coke on a dolly and pushed it through the gravel. He then decided to turn it around and pull it behind him. At this time he felt pain in his back. He suffered an acute lumbosacral sprain and aggravated the spondylolisthesis in his back.
Coca-Cola paid temporary total disability benefits (TTD) to Smirnov beginning May 12, 1993. A couple of weeks later, Smirnov returned to light duty work in the warehouse department as a loader/staeker. When Smir-nov returned to work, he received SEBs during the times he was not receiving 90% of his wages. Smirnov’s last day to work was March 30, 1994, because there was no position available at Coca-Cola to meet the restrictions placed on him by his doctor. At that time he was placed on disability status and received TTD again.
Smirnov filed a claim with the Office of Worker’s Compensation on May 2, 1994. The issues at trial were Smirnov’s entitlement to SEBs as opposed to TTD, medical benefits, vocational rehabilitation, suspension of benefits and his entitlement to penalties and attorney’s fees.
Among other awards, the hearing officer ordered Coca-Cola to pay Smirnov SEBs from May 20, 1993 to March 30, 1994, when Smirnov worked in a light duty position for Coca-Cola. Coca-Cola was ordered to provide vocational rehabilitation. SEBs were also awarded from March 30, 1994, based on a zero earning capacity until Smirnov became rehabilitated and able to earn wages equal to [ .-¡the wages he earned before his injury. Coca-Cola was ordered to pay the outstanding bill of Dr. Vanda Davidson and the medical bills for continuing treatment by Dr. Davidson. Penalties of 12% were awarded on all amounts owed and $7,500 in attorney’s fees was also awarded.
Coca-Cola appealed this judgment. Smir-nov answered the appeal claiming that the hearing officer should have imposed the $50 a day delinquency penalty as opposed to the 12% penalty.
MEDICAL EXPENSES
At the time of trial there was only one outstanding medical bill, that of Dr. Vanda Davidson, for $402. Dr. Davidson is an orthopedic surgeon who treated Smirnov on three occasions. Coca-Cola argues that Smirnov had already chosen one orthopedic surgeon to treat him, Dr. R.J. Beurlot, and that it should not be required to pay for another physician without its consent. Coca-Cola claims that an earlier judgment of the Office of Worker’s Compensation found that Dr. Beurlot was Smirnov’s choice.
Pursuant to La.R.S. 23:1121(B) Smirnov is entitled to select one treating physician in any field or specialty. After his initial choice, he must obtain prior consent from Coca-Cola for a change of treating physician within that same field or specialty.
In the earlier ruling by a different hearing officer in a different claim, that hearing officer concluded that the claimant had failed to prove-that Dr. Beurlot was the employer’s choice of orthopedists. Concerning that ruling, all that was Introduced into evidence in the present case were the reasons for judgment and the motion for new trial with its exhibits.
In the proceedings in the claim from which this appeal was taken, the hearing officer concluded that Dr. Beurlot was the first, choice of the employer. She also concluded, however, that Dr. Beurlot was the first choice of Smirnov, reasoning, in effect, that Dr. Beurlot was their common choice, or agreed choice. Having reached this conclusion, the hearing officer applied a simple rule of fair play: since Coca-Cola had been allowed an examination by a second choice, Dr. Frank Cline, Smirnov should likewise be allowed an examination by a second choice, Dr. Davidson. The hearing officer ordered Coca-Cola to pay Dr. Davidson’s bill.
The hearing officer did not consider herself bound by the earlier hearing officer’s ruling. The earlier ruling was in the form of written reasons for judgment. The present hearing officer regarded it as an interlocutory decree. We agree with the hearing officer that the earlier finding must be a final *230 judgment to have a preclusive effect. La. R.S. 13:4231.
We are reluctant to approve the second hearing officer’s decision that this was a joint selection, especially since this decision is based only on inferences from the record and not on positive proof of intent of the parties to jointly select an orthopedist. The facts in the record indicate that Dr. Beurlot was probably Coca-Cola’s choice. Smirnov selected Dr. Davidson in late 1993, and when the employer wanted to have him examined by Dr. Cline in mid-1994, the claimant resisted that examination because he had already been examined by Dr. Beurlot. Although Dr. Davidson’s prior examination was known to the parties, apparently it was not revealed to the first hearing officer, because had he known that Smirnov had already ^selected Dr. Davidson, that alone would have furnished a good ground for an order permitting the examination by Dr. Cline. In any event, based on the confusion and uncertainty surrounding the facts of this case, the hearing officer’s finding of fact, to the extent that she found Dr. Beurlot was Coca-Cola’s choice, is not manifestly wrong. We specifically go no further in this ruling.
SUSPENSION OF BENEFITS
Coca-Cola suspended payment of Smir-nov’s benefits for the period of time between May 18, 1994 through July 20, 1994. They were suspended pursuant to La.R.S. 23:1124 because Smirnov failed to go to a scheduled appointment with Dr. Cline as ordered by the Office of Worker’s Compensation. The hearing officer found that Coca-Cola arbitrarily suspended Smirnov’s benefits during this time period.
La.R.S. 23:1124 provides:
If the employee refuses to submit himself to a medical examination as provided in this Sub-part or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this Chapter shall be suspended until the examination takes place. When a right to compensation is suspended no compensation shall be payable in respect to the period of suspension.
After the hearing on Coca-Cola’s motion to have Smirnov evaluated by Dr. Cline, an appointment was set up for Smirnov for May 19, 1994. Smirnov explained that he was unable to keep the appointment scheduled for May 19 because he was out of town, having left on May 18 to run a family errand. His attorney faxed a letter to Coca-Cola’s attorney on May 19 notifying him of his client’s absence and asking that the appointment be rescheduled. Smirnov’s disability benefits were | (¡suspended because he did not attend the May 19 appointment with Dr. Cline. Another appointment with Dr. Cline was scheduled for July 21 which Smirnov did attend.
Smirnov had an acceptable explanation for not attending the scheduled appointment and notified Coca-Cola of his reasons for not attending. He also asked that it be rescheduled and attended that appointment once it was rescheduled. Clearly, Smirnov acted reasonably, and Coca-Cola should not have suspended his benefits under these circumstances since Smirnov did not refuse to submit to the examination as required by La. R.S. 23:1124. The hearing officer did not err in awarding benefits for the period between May 18, 1994 and July 20, 1994.
SUPPLEMENTAL EARNINGS BENEFITS
The hearing officer awarded SEBs to Smirnov based on his actual earnings while working on light duty status for Coca-Cola until March 30, 1994, when Coca-Cola no longer had a position available for Smirnov because of the restrictions placed on him by the doctor. The hearing officer awarded further SEBs based on a zero wage from March 30,1994, until vocational rehabilitation is provided which enables Smirnov to earn wages equal to wages earned prior to his injury. Coca-Cola claims that Smirnov is not entitled to this award of SEBs.
The hearing officer’s finding that Smirnov is able to work is not disputed. Coca-Cola claims that Smirnov worked during periods of time between the date of the accident and March 30, 1994. It claims that he was paid his full salary and is not entitled to benefits.
*231 RThe injured employee bears the burden of proving by a preponderance of the evidence that the injury resulted in his inability to earn 90% or more of the wages he was earning at the time of injury. Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989). The analysis is necessarily a facts and circumstances one in which the court is mindful of the jurisprudential tenet that the worker’s compensation law is to be liberally construed in favor of coverage. Id.
Initially we note that Smirnov did work in a light duty position for Coca-Cola until March 30, 1994. Although he was earning his regular salary, he was unable to work at times due to pain in his back. Smirnov’s average weekly wage was $364.71. This figure is plugged into La.R.S. 23:1221(3)(a) and multiplied by four and three-tenths to equal $1,568.25 (average monthly pre-injury wages). Therefore, Smirnov must prove he was unable to earn $1,411.43 or more to be entitled to SEBs.
Between his accident and March 30, 1994, payroll records indicate that Smirnov was unable to earn 90% or more of his pre-injury wages. Testimony also revealed that Smir-nov did receive SEBs when he was not earning 90% or more of his wages. However, further testimony also revealed that SEBs had been improperly calculated during this period. The hearing officer correctly noted this, and her award of SEBs during this period was actually for the amounts not paid due to improper calculations.
Coca-Cola also claims that Smirnov is not entitled to SEBs after March 30, 1994, since he did not claim his inability to continue working was due to substantial pain as provided for in La.R.S. 23:1221(3)(c)(ii). Smir-nov did testify that while doing this light duty work, he had pain every day but that some days the pain was worse than others. Light lifting even bothered him.
IsSmirnov was examined by five doctors. Dr. Thomas Reedy, the family practitioner who initially treated him, stated that Smirnov could return to work with limitations. He stated that he should be placed on light or medium duty first. Dr. Reedy also explained that with the spondylolisthesis, Smirnov will be prone to re-injury periodically if he does heavy lifting. He also stated that this may occur in spite of restrictions and can occur with minimal degrees of lifting. Dr. Reedy recommended a work hardening program.
Smirnov saw Dr. Beurlot on June 14,1993. He would continue symptomatic treatment with medications, physical therapy, exercises and light duty. If there was no improvement, he recommended an MRI.
On July 13, 1993, Smirnov was examined by Dr. John Patton who explained that he needed to be retrained for sedentary type work of a more permanent nature. He opined that if Smirnov went back to heavy lifting, it would be only a matter of time before he had further problems with his back.
Smirnov had also been examined by Dr. Jack Cappel who opined that the spondylolis-thesis was going to bother him from time to time and he was going to have a problem regarding his ability to work. As of March 1, 1994, he found that with Smirnov’s acute back pain, he was not able to perform any type of work.
Dr. Davidson examined Smirnov on October 25, 1993. He recommended physical therapy, primarily to stabilize the back with careful conditioning. On another visit he limited him to lifting 20 pounds on an occasional basis and 10 pounds regularly. He was to do no pushing or pulling over about 15 pounds.
[¡¡Coca-Cola offered a light duty position to Smirnov where he worked until March 30, 1994, when it placed him on disability because it did not have a position that met his restrictions. The record clearly establishes that Smirnov wanted to work and did work when he was offered the employment. He even worked in pain until he was placed on disability status by Coca-Cola. The medical evidence indicates that finding manual labor would be almost impossible with his restrictions. This is complicated by the fact that he is a Russian immigrant who has lived in the United States only since 1991.
Coca-Cola obviously did not have a job for Smirnov and offered no other evidence that Smirnov was able to perform a certain job *232 and that that job was offered to him or available to him in Alexandria or a reasonable geographic region as required by La. R.S. 23:1221(3)(e)(i). The hearing officer did not err in awarding SEBs after March 30, 1994.
VOCATIONAL REHABILITATION
Coca-Cola contends that the hearing officer erred in awarding vocational rehabilitation benefits to Smirnov because he never requested such benefits. Coca-Cola contends that La.R.S. 23:1226 contemplates that the employee will first make at least one communication to the employer requesting vocational rehabilitation before the authorization requirement is activated.
La.R.S. 23:1226(A) provides:
When an employee has suffered an injury covered by this Chapter which precludes the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services.
| ipLa.R.S. 23:1226 does not require that an employee request vocational rehabilitation. Rehabilitation is mandatory when an employee suffers an injury and is precluded from earning wages that he earned before his injury. City of Crowley v. Comeaux, 93-1116 (La.App. 3 Cir. 4/6/94), 638 So.2d 658 writ denied, 94-1184 (La. 6/24/94), 640 So.2d 1355.
Coca-Cola did provide Smirnov with rehabilitation as contemplated by the statute when it returned him to a modified position. La.R.S. 23:1226(B)(l)(b). However, by the time the hearing was held on September 21, 1994, it was obvious to the hearing officer that Smirnov would need some other type of rehabilitation since Coca-Cola no longer had a position to fit Smirnov’s restrictions and abilities. For this reason she properly ordered vocational rehabilitation, as required by La.R.S. 23:1226, to allow Smirnov the opportunity to obtain employment to restore him to his average earnings prior to his back injury.
PENALTIES AND ATTORNEY’S FEES
The hearing officer ordered penalties of 12% on all amounts awarded, which included the first week of benefits after Smirnov’s injury that Coca-Cola had failed to pay, incorrect payments of benefits based on erroneous calculations, the suspension of his benefits when he could not make a doctor’s appointment, and failure to timely reinstitute benefits when Smirnov did go to see the doctor.
La.R.S. 23:1201(E) provides for a penalty on all untimely payments of benefits, unless the employee’s right to compensation or medical benefits has been reasonably controverted. La.R.S. 23:1201.2 provides for the payment of reasonable | nattorney’s fees when the failure to pay benefits is arbitrary, capricious or without probable cause.
The hearing officer was correct in awarding a penalty on the first week of benefits that was never paid to Smirnov; this amount was clearly owed. The hearing officer was also correct in awarding penalties for the time that benefits were suspended when Smirnov could not attend an appointment with Dr. Cline. Although the Office of Worker’s Compensation had ordered Smir-nov to attend, Coca-Cola, through its attorney, had been apprised of his inability to attend the particular appointment. As we have already stated, the payment of benefits was not reasonably controverted on the suspension. Penalties were also appropriate when benefits were not reinstated for several weeks when Smirnov did attend the doctor’s appointment.
Penalties and attorney’s fees are proper for underpaying proper compensation benefits where the employer did not offer proof that the error in calculation of benefits was beyond its control or that claimant’s right to such benefits was reasonably controverted. Alexander v. B.F. Trappey & Sons, Inc., 93-549 (La.App. 3 Cir. 3/9/94), 635 So.2d 269. We find that the hearing officer did not err in awarding penalties on the amount of SEBs that Coca-Cola should have paid when Smirnov was not earning 90% or more of his salary before his injury.
We find, however, that Coca-Cola reasonably controverted Smirnov’s entitlement to SEBs following March 30, 1994. During this *233 time, it paid TTD to Smirnov believing that he was temporarily totally disabled.
We find that the hearing officer did not err in finding that Coca-Cola owed reasonable attorney’s fees under the facts of this case. Most of the benefits | ^awarded were to compensate for Coca-Cola’s failure to insure proper payment of benefits.
Smirnov answered the appeal alleging that the hearing officer should have imposed the $50 a day penalty rather than a 12% penalty. La.RS. 23:1201(E) provides that for nonpayment of compensation or medical benefits, the penalty is an amount equal to 12% thereof or a total penalty of not more than $50 per calendar day for each day in which any and all compensation or medical benefits remain unpaid, whichever is greater. The total $50 per calendar day penalty provided in that subsection shall not exceed $2,000 in the aggregate. In the present case a simple calculation on the record reveals that the total 12% penalty would be in the range of $600-$700. The time period is in excess of 40 calendar days. Therefore, by the plain terms of the statute, the penalty that should have been imposed was $2,000 rather than 12%.
For these reasons the judgment of the Office of Worker’s Compensation is amended to exclude that part of the award of a 12% penalty on SEBs ordered paid after March 30, 1994; the judgment is also amended to increase the award of the Section 1201(E) penalties from 12% to $2,000. In all other respects the judgment is affirmed.
Costs of this appeal are assessed to Alexandria Coca-Cola Bottling Company.
AMENDED, AND AS AMENDED, AFFIRMED.