693 So.2d 328 (1997)
Teddy DOUCET, Plaintiff-Appellant,
v.
CROWLEY MANUFACTURING, Defendant-Appellee.
No. 96-1638.
Court of Appeal of Louisiana, Third Circuit.
April 30, 1997.
Thomas E. Townsley, Lake Charles, for Teddy Doucet.
Charles J. Foret, Lafayette, for Crowley Manufacturing.
Before DOUCET, C.J., and PETERS and SULLIVAN, JJ.
DOUCET, Chief Judge.
A worker's compensation claimant appeals the hearing officer's determination of benefits due and her refusal to award penalties and attorney's fees in connection with the miscalculation of benefits.
It has been stipulated that on January 22, 1994, the claimant, Teddy Doucet, was injured in the course and scope of his employment for Crowley Manufacturing Co., Inc. (Crowley). At the time, he earned $9.25 per hour. He was paid an attendance bonus of $72.00 for the six-month period ending on December 25, 1993. After the work accident, Crowley paid him full wages until April 8, 1994. On April 18, 1994, Crowley sent its insurer Doucet's wage information for the weeks of January 2-29, 1994. Based on that information, Doucet was paid weekly benefits of $301.13 per week. He received that amount until December 15, 1995. Then his benefit was changed to $304.69 per week. Crowley offered to pay Doucet the difference between that amount and the amount previously paid him. The record does not reflect whether a payment was made. Doucet filed a disputed claim.
A hearing was held. The hearing officer found that Crowley owed Doucet benefits of *329 $306.30. She ordered payment of back due benefits of the difference between the amount paid and the amount owed. She further found that Crowley was not arbitrary, capricious or without reasonable cause in failing to authorize Doucet's referral to Dr. Dale Bernauer. Nevertheless, she ordered Crowley to pay the $80.00 examination fee.
Doucet appeals. He asserts that his average weekly wage was miscalculated and that the hearing officer should have awarded penalties and attorney's fees in connection with the arbitrary and capricious manner in which Crowley handled his claim. Crowley, in brief, also assigns error regarding the calculation of benefits. However, Crowley neither filed a cross-appeal in the trial court nor answered Doucet's appeal. Therefore, we will not consider Crowley's assignment of error.

AVERAGE WEEKLY WAGE CALCULATION
Doucet contends that the hearing officer erred in the determination of his average weekly wage. Doucet argues that because one of the four weeks immediately before his accident was a vacation week, it should not have been included in the calculation of his average weekly wage. Her written reasons for judgment show that the hearing officer calculated Doucet's wage as follows:
The evidence submitted reflects that for the last four full weeks before the accident Doucet worked the following number of hours and earned these wages:

 HOURS WAGES
WORK WEEK WORKED EARNED
December 26 to January 1 0 $360.00[1]
January 2 to January 8 51½ $515.25
January 9 to January 15 52½ $528.75
January 16 to January 22 44¾ $424.13

This constituted average actual earnings of $457.03. No evidence was submitted to indicate the number of days Doucet actually worked in the twenty-six weeks prior to the accident. If the Court assumes facts in the light most favorable to Doucet, it would find that he worked, at most, 120 days, because Crowley was closed two weeks for the Christmas holidays. Thus, the $72 bonus divided by 120 days multiplied by 4 yields a total of $2.40. The average actual earnings of $457.03 plus $2.40 in bonus money results in an average weekly wage of $459.43 for an indemnity benefit of $306.30 per week. Accordingly, Doucet is awarded back due benefits of the difference between the amount paid ($304.69) and the amount owed ($306.30) or $1.61 per week from the date Crowley began paying indemnity benefits to date of termination of benefits, together with interest from date due until paid.
La.R.S. 23:1021(10)(a)(i) provides for the calculation of the average weekly wages:
(10) "Wages" means average weekly wage at the time of the accident.
The average weekly wage shall be determined as follows:
(a) Hourly wages.
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater;....
Doucet's argument turns on the interpretation given "average actual hours worked in the four full weeks preceding the date of the accident." The fourth circuit in Breuhl v. Hercules Concrete Pumping, Inc., 94-2311 (La.App. 4 Cir. 5/16/95), 656 So.2d 1055, found incorrect a calculation of the average weekly wage based the four weeks preceding the injury, where those four weeks contained two vacation weeks and one week in which the plaintiff worked less than six hours. The court stated that: "Under the circumstances here, we fail to find that the information relied on by defendants shows `the four full weeks' which plaintiff worked prior to his accident." Id. at p. 8, 1059.
We agree with this interpretation. Therefore, we find that the wage calculation should not have included the vacation week (taken while the factory was closed) or the other week during which the factory was closed and during which Doucet worked a light schedule. The parties stipulated that Doucet *330 received $507.38 in wages for the week ending December 18, 1993. During the next two weeks the factory was closed. Accordingly, the correct average weekly wage on which to calculate benefits is $493.88. Based on this average weekly wage, the correct indemnity benefit amount is $329.22. Benefits are payable in this amount. Doucet is awarded back benefits in the amount of the difference between the amount paid and the amount owed from the date Crowley began paying benefits, with interest from the date due until paid.

PENALTIES AND ATTORNEY'S FEES
Doucet further alleges that the hearing officer erred in failing to award penalties for arbitrary and capricious failure to investigate the claim and in miscalculating the benefit amount for the period from April 18, 1994, through the time the benefit was recalculated in December 1995.
Penalties and attorney's fees are proper for underpaying proper compensation benefits where the employer did not offer proof that the error in calculation of benefits was beyond its control or that claimant's right to such benefits was reasonably controverted. Alexander v. B.F. Trappey & Sons, Inc., 93-549 (La.App. 3 Cir. 3/9/94), 635 So.2d 269.
Smirnov v. Alexandria Coca-Cola Bottling Co., 95-205 (La.App. 3 Cir. 10/4/95), 663 So.2d 227, 232, writ denied, 95-2689 (La.1/12/96), 666 So.2d 323.
Here, D.D. Becquet, a claims adjuster who initially handled the claim, testified as to the manner in which she calculated the original benefit. She stated that the benefit amount of $301.13 was reached by using the amount paid Doucet during the week ending January 29, 1997, although the accident occurred on January 22, 1997. This information was supplied to her by Crowley. She stated that she was aware that the benefit should be calculated on four full weeks before the accident. She admitted that she made no effort to obtain any further information with regard to Doucet's wages from Crowley. No evidence was introduced to suggest that the miscalculation was beyond the control of either the employer or the adjuster. Accordingly, we assess a penalty of $2,000.00 for failure to correctly calculate the benefit from April 18, 1994, through the time the benefit was recalculated on December 15, 1995. La.R.S. 23:1201. Additionally, we award an attorney's fee of $2,500.00, which includes an amount for an attorney's fee on appeal, to the claimant.

CONCLUSION
Accordingly, the judgment of the hearing officer is amended to award weekly compensation benefits of $329.27. Insofar, as it fails to award penalties and attorney, the judgment of the hearing officer is reversed. Judgment is rendered granting penalties of $2,000.00 and attorney's fees of $2,500.00. In all other respects the judgment of the hearing officer is affirmed. Costs of this appeal are assessed to the defendant, Crowley.
AFFIRMED IN PART; AMENDED IN PART; REVERSED AND RENDERED IN PART.
NOTES
[1] This figure represents vacation pay.