610 So.2d 979 (1992)
Ada BROUNETTE
v.
EAST BATON ROUGE PARISH SCHOOL BOARD.
No. 92 CA 0592.
Court of Appeal of Louisiana, First Circuit.
November 20, 1992.
Writ Denied January 29, 1993.
Arthur Cobb, Baton Rouge, for plaintiff-appellant Ada Brounette.
Harold J. Adkins, Baton Rouge, for defendant-appellee East Baton Rouge Parish School Bd.
Before WATKINS, CRAIN and GONZALES, JJ.
WATKINS, Judge.
The plaintiff, Ada Brounette, appeals the granting of summary judgment in favor of defendant, East Baton Rouge Parish School Board (Board), dismissing her suit for an increase in worker's compensation benefits. We affirm.
The following facts are undisputed. The plaintiff was employed by the Board for 15 years. On April 28, 1988, while in the course and scope of her employment, the plaintiff sustained a compensable injury under the Louisiana Worker's Compensation Act. At the time of the accident the plaintiff was employed as a teacher's aide at an annual salary of $11,566.00. Because a teacher's aid works only nine months a year, the plaintiff was given the option of receiving her wages over a 12-month period or a nine-month period; she chose to receive her wages over a nine-month period. After her injury the plaintiff was temporarily totally disabled and received weekly worker's compensation benefits in the amount of $175.20.
The plaintiff filed suit seeking an increase in her compensation benefits alleging that at the time she was injured she was earning $68.51 per day for a five day work week. Accordingly she insists that her average weekly wage was $342.55 and that two thirds of that amount equals $228.37, her claimed compensation rate. The trial court rejected this argument stating, "I think sixty-six and two-thirds of her annual salary is what the workmen's comp. statutes envision, not a hundred and two percent of her actual annual salary."[1]
The plaintiff appealed the dismissal of her claim. On appeal the plaintiff now contends that this court should calculate her weekly wages by the monthly basis in accordance with LSA-R.S. 23:1021(10)(b). She asserts that she received $11,566.00 for nine months, which made her monthly wage $1,285.11, and according to LSA-R.S. 23:1021(10)(b), this monthly salary should be multiplied by 12 and then divided by 52, *980 making her weekly wages $296.56 and her weekly compensation benefits $197.71.[2] Alternatively, the plaintiff suggests that if the court considers her salary to be a yearly salary under LSA-R.S. 23:1021(10)(c), then her yearly salary should be divided by 36, which equals an average weekly wage of $321.28 and a compensation rate of $214.19.[3]
At the time of the plaintiff's injury the Worker's Compensation Act provided the following methods of calculating average weekly wages. LSA-R.S. 23:1021(10) provided in pertinent part.
(10) "Wages" means average weekly wage at the time of the accident.
The average weekly wage shall be determined as follows:
. . . . .
(b) Monthly wages. If the employee is paid on a monthly basis, his monthly salary multiplied by twelve then divided by fifty-two.
(c) Annual wages. If the employee is employed at an annual salary, his annual salary divided by fifty-two.
The Act further provides in LSA-R.S. 23:1221(1)(a) that for any injury producing temporary total disability of an employee, that employee shall be paid sixty-six and two-thirds percent of his or her wages during the period of such disability.
In connection with its motion for summary judgment the Board submitted the affidavits of Ms. Mabel Fanguy, the Board's Chief Accountant; Mr. Grady Hazel, the Board's Associate Superintendent for Business Affairs, and Ms. Charlotte D. Placide, the Board's Administrative Director of Finance and Purchasing. The affidavits establish that all East Baton Rouge Parish School Board employees are classified as annual salaried employees who have the option of receiving their salaries over twelve months. The Board records for 1987-88 show that the plaintiff was a full-time employee, classified as an annual salaried employee, and that Ms. Brounette chose not to exercise the option of deferring payment of her salary over twelve months. The plaintiff did not introduce any countervailing affidavits.
Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
There is no genuine issue of material fact regarding the nature of plaintiff's wages. The evidence shows that the plaintiff was paid an annual salary by the Board, which she chose to receive in nine monthly installments. We believe that under these circumstances the trial court correctly applied LSA-R.S. 23:1021(10)(c) to compute the plaintiff's average weekly wage.
We find no merit in the plaintiff's argument that this method does not fully compensate her for her earning capacity. The plaintiff suggests that but for her disability, she could have engaged in other employment during the three months of the year that she was not working for the school board, and that she is not being compensated for that potential earning capacity. Although the Act did not directly address the instant situation, we believe that the provisions of the Worker's Compensation Act and the rationale for the enactment of that legislation negate any intent on the part of the legislature to provide compensation for the mere possibility that the injured employee could have earned additional income in another job. We note that the Act does specifically provide for situations where an employee has successive employments and is injured in one of his employments and suffers loss of income from his successive employment. *981 LSA-R.S. 23:1021(10)(a)(iv).[4] In such situations the employer in whose service the employee was injured must pay the benefits due the employee, and the benefits will be based on the average weekly hours which he worked in all of his employment or forty hours per week, whichever is less. This statute was an attempt to find a middle ground between the pre-1983 complete protection of minimum earning capacity and the post-1983 statute which only offered protection of actual earnings in the part-time job. Louisiana Civil Law Treatise, Workers Compensation, 2d Edition, Section 322, 1980. We believe that it is the plaintiff's actual wages which should be protected in the instant case where she did not have a second job and where the school board classified her as an annual salaried employee.[5]
For the reasons set forth, we affirm the judgment of the trial court. All costs of this appeal are to be paid by the plaintiff, Ada Brounette.
AFFIRMED.
NOTES
[1] If one calculates the proposed weekly compensation benefits of $228.37 on a yearly basis, the plaintiff would receive $11,875.24, which is roughly 102% of the plaintiff's yearly salary.
[2] Under this method of calculation the plaintiff would receive annual compensation benefits totalling $10,280.92, roughly 89% of her annual salary.
[3] Under this method the plaintiff would receive annual worker's compensation benefits of $11,137.88, roughly 96% of her annual salary.
[4] The contents of this statute were originally enacted in 1985 by Act 926 § 2 as LSA-R.S. 23:1261. Act 565 § 2 of 1991 repealed LSA-R.S. 23:1261 and added LSA-R.S. 23:1021(10)(a)(iv), which provides:

(iv) A part-time employee, as defined in R.S. 23:1021(9) and who is employed by two or more different employers in two or more successive employments, shall be entitled to receive benefits as follows:
(aa) If an employee is employed by two or more different employers in two or more successive employments and the employee incurs a compensable injury under the provisions of this Chapter in one of the employments, the employer in whose service the employee was injured shall pay the benefits due the employee as provided in this Chapter.
(bb) If the employee is a part-time employee in one of the successive employments, is injured in that employment, but as a result of the injury also incurs loss of income from other successive employments, that employee shall be entitled to benefits computed by determining wages under the provisions of this Subsection using his hourly rate in employment at the time of injury and using the total hours worked for all employers of the part-time employee, but not to exceed his average, actual weekly hours worked or forty hours weekly, whichever is less.
[5] We also note that Acts 1991, No. 565 § 1 added LSA-R.S. 23:1021(10)(a)(v), which provides:

(v) For an employee in seasonal employment, his annual income divided by fifty-two.
(aa) For purposes of this Subparagraph, seasonal employment shall be any employment customarily operating only during regularly recurring periods of less than forty-four weeks annually.
(bb) If the employee was not engaged in the seasonal employment more than one year prior to the accident, his annual income shall be the average annual income of other employees of the same or most similar class working in the same or most similar employment for the same employer or, in the event that the employee was the only individual engaged in that specific employment, then his annual income shall be the average annual income of other employees of the same or most similar class working for a neighboring employer engaged in the same or similar employment.