779 So.2d 1112 (2001)
Patricia McCLAIN
v.
PINECREST DEVELOPMENT CENTER and Louisiana Office of Risk Management.
No. 00-1622.
Court of Appeal of Louisiana, Third Circuit.
February 28, 2001.
*1113 George A. Flournoy, Flournoy, Doggett & Losavio, Alexandria, LA, Counsel for Plaintiff/Appellee Patricia McClain.
Monique Freeman Rauls, Assistant Attorney General, Alexandria, LA, Counsel for Defendants/Appellants Pinecrest Developmental Center, Louisiana Office of Risk Management.
Court composed of SAUNDERS, DECUIR, and SULLIVAN, Judges.
SULLIVAN, Judge.
Pinecrest Developmental Center appeals a judgment rendered in favor of Patricia McClain for workers' compensation benefits, penalties, and attorney fees. Ms. McClain answers the appeal, seeking an increase in the award of attorney fees for work performed on this appeal and an assessment of costs to Pinecrest. For the following reasons, we amend the judgment of the workers' compensation judge to increase the award of attorney fees and affirm as amended.

Facts
Patricia McClain was injured on May 1, 1997, while in the course and scope of her employment with Pinecrest. At trial, the parties stipulated to the issues to be determined by the workers' compensation judge. On appeal, Pinecrest presents two issues for our consideration: 1) should fringe benefits, i.e., retirement and Medicare contributions, have been included in the calculation of Ms. McClain's average weekly wage (AWW); and 2) was Pinecrest *1114 arbitrary and capricious in payment of medical bills on behalf of Ms. McClain?

Standard of Review
The first issue presented by Pinecrest presents a question of law. Thus, we must simply review the workers' compensation judge's finding that retirement and Medicare contributions paid by Pinecrest should have been included in the computation of Ms. McClain's AWW to determine if it is legally correct. Scobee v. Brame, 98-564 (La.App. 3 Cir. 10/28/98), 721 So.2d 977, writ denied, 98-2952 (La.1/29/99), 736 So.2d 833. The second issue presents a finding of fact which will not be disturbed in the absence of manifest error. Edwards v. Sawyer Indus. Plastics, Inc., 99-2676 (La.6/30/00), 765 So.2d 328.

Average Weekly Wage
At the time of her injury, Pinecrest was making retirement and Medicare contributions on behalf of Ms. McClain. She claims these fringe benefits should have been included in the calculation of her AWW. Pinecrest argues that pursuant La.R.S. 23:1021(10)(f), fringe benefits are not included in the AWW calculation.
La.R.S. 23:1021(10) defines AWW. In 1999, the legislature enacted subpart (f) of this provision, which reads as follows:
(f) Income tax. In the determination of "wages" and the average weekly wage at the time of the accident, no amount shall be included for any benefit or form of compensation which is not taxable to an employee for federal income tax purposes; however, any amount withheld by the employer to fund any non-taxable or tax-deferred benefit provided by the employer and which was elected by the employee in lieu of taxable earnings shall be included in the calculation of the employee's wage and average weekly wage.
Prior to the enactment of this provision, the value of fringe benefits was generally factored into the calculation of the AWW. Batiste v. Capitol Home Health, 96-799 (La.App. 3 Cir. 5/7/97), 699 So.2d 395.
La.R.S. 23:1021(10)(f) was enacted after Ms. McClain's injury. Therefore, we must determine whether it should be applied retroactively to her claim. In Moses v. Grambling State University, 33-185 (La. App. 2 Cir. 5/15/00), 762 So.2d 191, writ denied, 00-1769 (La.9/22/00), 768 So.2d 1285, the Court of Appeal, Second Circuit addressed this issue, including the very arguments urged by Pinecrest. The court determined:
In the absence of a contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. La. C.C. art. 6. In the case sub judice, there is no legislative expression to assist us. We must, therefore, look to the type and effect of the law itself.
A "substantive law" either establishes new rules, rights and duties or changes existing ones, while "interpretive laws" merely establish the meaning the statute had from the time of its enactment. Sudwischer v. Estate of Hoffpauir, 97-0785 (La.12/12/97), 705 So.2d 724, cert. denied 524 U.S. 940, 118 S.Ct. 2347, 141 L.Ed.2d 717 (1998); Keith v. U.S. Fidelity & Guaranty Co., 96-2075 (La.5/9/97), 694 So.2d 180; Hunter v. Town of Sibley, 32-075 (La. App.2d Cir.10/29/99), 745 So.2d 820, writ denied, 99-3351 (La.2/18/00), 754 So.2d 965. A procedural law is one that prescribes a method for enforcing a substantive right and relates to the form of the proceeding or the operation of the laws. Id.; Coe v. State of Louisiana, Health Care Authority, 32,635 (La. App.2d Cir.2/1/00), 751 So.2d 432.
Defendant asserts that § (10)(f) of La. R.S. 23:1021 is interpretive in nature since it merely clarifies the definition of "wage." To the contrary, we find it to be substantive in nature. Pre-amendment jurisprudence allowed for the inclusion *1115 of employer-paid health insurance benefits and employer-contributed retirement benefits. See Transportation Insurance Co. v. Pool, 30,250 (La. App.2d Cir.5/13/98), 714 So.2d 153, writ denied, 98-1566 (La.9/25/98), 725 So.2d 486, writ denied, 98-1616 (La.9/25/98), 725 So.2d 488; G.N.B., Inc. v. Jones, 29,779 (La.App.2d Cir.8/20/97), 699 So.2d 466. To apply § (10)(f) retroactively would deprive Plaintiff, and any other claimant entitled to receive workers' compensation indemnity benefits, of the inclusion of employer-paid insurance premiums. We find this change in the statute to be substantive in nature since it would deprive those claimants of a portion of an indemnity benefit they previously had a right to receive.
Id. at 195-96 (footnote omitted).
The Louisiana Supreme Court has held that when a statute "changes settled law relative to substantive rights" it can only be applied prospectively, specifically noting that "while there is a category of legislation labeled `interpretive,' legislation that changes settled law falls outside of that category." St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 820 (La. 1992) (citation omitted) (emphasis added).
We find no error with the workers' compensation judge's refusal to retroactively apply La.R.S. 23:1021(10)(f) to Ms. McClain's claims. This assignment is without merit.

Payment of Medical Bills
Ms. McClain sought penalties and attorney fees for Pinecrest's failure to timely pay four invoices for medical services. The workers' compensation judge awarded her $2,000.00 in penalties and $5,000.00 in attorney fees. Pursuant to La.R.S. 23:1203(A), an employer has a duty to furnish an injured employee "all necessary drugs, supplies, hospital care and services, medical and surgical treatment...." Failure to pay for medical expenses within sixty days of written notice thereof renders an employer liable for penalties and attorney fees, unless it reasonably controverts the claim or non-payment is due to something out of the employer's control. La.R.S. 23:1201(E) & (F).
After hearing the testimony of the claim adjustor that handled Ms. McClain's claim and reviewing the documentary evidence introduced in connection with her testimony, the workers' compensation judge concluded that the medical bills at issue were not paid timely and that Pinecrest's failure to pay was "arbitrary and capricious." A penalty of $2,000.00 and attorney fees of $5,000.00 were assessed against Pinecrest. We find no error.[1]
Pinecrest does not deny that the payments at issue were not made timely, but offered four defenses to justify the late payments: 1) the bills may have initially gone to another office of the Office of Risk Management; 2) its date-stamp machine was out of order for a period of time; 3) it made numerous other payments for medical services timely; 4) it moved its offices, causing some of the payments to be made late. The workers' compensation judge specifically rejected Pinecrest's first defense, finding that there should be a system for forwarding bills to the correct adjuster to insure that payments are made as required by law. We find no error with this conclusion. With regard to its second defense, Pinecrest's own witness admitted that while the date-stamp machine was out of order there was no other method utilized by the office to indicate the date on which a bill was received. Failure to monitor the receipt of invoices is no defense to late payment of those invoices. The workers' compensation judge found Pinecrest's *1116 third defense to be irrelevant; we agree. Finally, there was no evidence offered at trial that Defendant changed offices during the time at issue. This assignment is without merit.
Pursuant to Ms. McClain's request for additional attorney fees, we award $1,500.00 in attorney fees for work performed on this appeal.

Decree
The judgment of the workers' compensation judge is affirmed. Ms. McClain is awarded $1,500.00 in attorney fees for work performed on this appeal. All costs of this appeal are assessed to Pinecrest Developmental Center.
AFFIRMED.
NOTES
[1] We recognize that the workers' compensation judge made a finding that Pinecrest's failure to pay the invoices was "arbitrary and capricious" while the standard provided in La.R.S. 23:1201 is the reasonably controverted standard. However, considering that "[u]nreasonably controverting a claim ... requires action of a less egregious nature than that required for arbitrary and capricious behavior," Brown v. Texas-La Cartage, Inc., 98-1063, p. 8 (La.12/1/98), 721 So.2d 885, 890, we find no error under the facts of this case.