830 So.2d 572 (2002)
Bruce BURNS
v.
ST. FRANCES CABRINI HOSPITAL.
No. 02-518.
Court of Appeal of Louisiana, Third Circuit.
October 30, 2002.
*574 W. Jay Luneau, Luneau Law Office, Alexandria, LA, for Plaintiff/Appellee, Bruce Burns.
Kathryn F. Van Hoof, Van Hoof & Associates, LeCompte, LA, for Defendant/Appellant, St. Frances Cabrini Hospital, Inc.
Court composed of JOHN D. SAUNDERS, MICHAEL G. SULLIVAN, and ELIZABETH A. PICKETT, Judges.
SULLIVAN, Judge.
Christus St. Frances Cabrini Hospital (Cabrini) appeals the Workers' Compensation Judge's (WCJ) calculation of benefits and awards of penalties and attorney fees in favor of Bruce Burns. For the following reasons, we affirm.

Facts
Mr. Burns was injured on May 10, 1999 while working for Cabrini. In September 1999, he filed a claim with the Office of Workers' Compensation, asserting that Cabrini was not paying him the correct amount in indemnity benefits. After trial on November 29, 2001, the WCJ calculated Mr. Burns' average weekly wage (AWW) to be $640.80 and ordered that he be paid the maximum compensation rate in effect at the time of his accident, $367.00 per week. On appeal, Cabrini argues that the AWW calculations were based on Mr. Burns' "unsupported, self-serving brief" and included amounts for beneflex dollars, vacation time, holiday time, sick leave, sick pay, retirement benefits, and a bonus which should not have been included.

Average Weekly Wage
To establish his AWW, Mr. Burns testified and introduced documents prepared by and provided to him by Cabrini, including check stubs, his 1999 Employee Performance Review, a 1995 memorandum to employees regarding paid time off and extended sick leave, and a 1998 memorandum regarding payment for unused sick leave. Cabrini did not object to the introduction of the documents and does not dispute the contents of the documents. We have reviewed Mr. Burns' testimony and the documents introduced by him and find the evidence competent and sufficient to substantiate the findings of the WCJ as required by La.R.S. 23:1317(A). See Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98); 708 So.2d 375.
In its brief, Cabrini acknowledges that fringe benefits are properly included in the calculation of an employee's AWW. See Batiste v. Capitol Home Health, 96-799 (La.App. 3 Cir. 5/7/97); 699 So.2d 395, where it was noted that, as a general rule, fringe benefits are included in the calculation of AWW. However, it makes a number of arguments why certain amounts should not have been included.
First, Cabrini argues that the WCJ improperly included beneflex dollars it paid to Mr. Burns to purchase insurance benefits because the beneflex dollars are deducted pre-tax from Mr. Burns' income and, according to Cabrini, including them in the AWW calculation results in a double payment to Mr. Burns. Cabrini does not cite any authority for its position, and we have found none. Furthermore, we read the argument as an attempt to apply La. R.S. 23:1021(10)(f) which excludes from the AWW calculation "any benefit or form of compensation which is not taxable to an employee for federal income tax purposes." La.R.S. 23:1021(10)(f) was enacted in 1999, the year of Mr. Burns' injury, and has been held not to apply retroactively. See McClain v. Pinecrest Dev. Ctr., 00-1622 (La.App. 3 Cir. 2/28/01); 779 So.2d 1112. This argument is without merit.
Cabrini next claims that the WCJ erroneously included vacation time, holiday *575 time, sick leave, and sick pay in the AWW because these amounts are already included in Mr. Burns' hourly wage rate of $11.43. Vacation time, sick leave and/or sick pay are fringe benefits which have been held to be included in the AWW calculation. Moses v. Grambling State Univ., 33-185 (La.App. 2 Cir. 5/15/00); 762 So.2d 191, writ denied, 00-1769 (La.9/22/00); 768 So.2d 1285; Leson Chevrolet, Inc. v. Triche, 98-1328 (La.App. 5 Cir. 9/28/99); 742 So.2d 1047. This argument is without merit.
Cabrini cites Moses, 762 So.2d 191, for the proposition that holiday pay should not be included in the AWW calculation. In his reasons for ruling, the WCJ cited G.N.B., Inc. v. Jones, 29,779 (La.App. 2 Cir. 8/20/97); 699 So.2d 466, for the proposition that it should. In Moses, the second circuit held that holiday pay was not a fringe benefit to be included in the AWW calculation, stating "[a]s Defendant points out, Plaintiff is paid that salary regardless of whether or not she works on those paid holidays. The inclusion of $18.95 per week [holiday pay] in the calculation of Plaintiff's average weekly wage, therefore, would equate to adding that amount into the calculation twice." Moses, 762 So.2d at 195 (emphasis added).
In G.N.B., Inc., the second circuit affirmed the WCJ's inclusion of holiday pay in the AWW calculation, citing Daigle v. Sherwin-Williams Co., 545 So.2d 1005, 1007-08 (La.1989) where the supreme court instructed that "[i]n determining the amount of pre-injury wages an employee earned, `[a]ny money paid the employee which can be regarded as remuneration or reward for his services should be included in fixing his compensation, irrespective of whether or not the payment was in the form of wages.' Malone and Johnson, 14 Louisiana Civil Law Treatise, Workers' Compensation § 324 at 93 (1980)."
In Moses, the employee was paid an annual salary, not an hourly wage like Mr. Burns and the employee in G.N.B., Inc. In the memorandum to "All Employees" regarding "Paid Time Off" and "Extended Sick Leave," Cabrini describes "Paid Leave" as "hours for use as time away from work for the purpose of vacation/holiday, personal business, family illness and/or short-term personal illness." There is no indication that without this policy hourly employees, like Mr. Burns, would be paid for holidays, unless they worked those days. According to this policy, holiday pay is the same as vacation and sick leave: employees are rewarded with these benefits for their service to the hospital. Pursuant to Daigle, 545 So.2d 1005, Mr. Burns' holiday pay was properly included in the AWW calculation.
Next, Cabrini argues that the WCJ wrongfully included an amount for a bonus Mr. Burns testified that he received, arguing that introduction of his Employee Performance Review was insufficient proof. It does not deny that Mr. Burns was awarded and paid the bonus; it simply argues that he did not prove that he received it. Mr. Burns testified, and the Review reflects, that Mr. Burns was receiving the maximum salary possible for his position at the time of his annual review which was performed in late April or early May 1999. Additionally, the Review indicates that Mr. Burns was granted a three percent lump sum payment in the amount of $713.24 at that time, and Mr. Burns' testimony indicates that he was paid this amount. We find no error with the WCJ's acceptance of Mr. Burns' testimony and the Employee Performance Review as proof that he received the lump sum payment; therefore, inclusion of $13.72, 1/52 of $713.24, in the AWW calculation was correct.
*576 Cabrini's last argument regarding the AWW is that retirement benefits should not have been included in the calculation. Retirement benefits are fringe benefits which are included in the AWW calculation. See McClain, 779 So.2d 1112. This assignment is without merit.

Penalties and Attorney Fees
Cabrini argues that its actions were not such that a penalty should have been awarded against it. The law is well established regarding the inclusion of fringe benefits in the calculation of AWW. We have found no merit with any of Cabrini's arguments regarding these amounts. In Brown v. Texas-LA Cartage, Inc., 98-1063, p. 13 (La.12/1/98); 721 So.2d 885, 893, the supreme court held that "the purpose of an imposition of penalties is to `nudge the employer into making timely payments when there is no reasonable basis for refusing or delaying its obligation.' " For the reasons discussed above, we find that Cabrini had "no reasonable basis for refusing or delaying its obligation" to include these benefits in its calculation of Mr. Burns' AWW and to pay him the proper indemnity benefits. Accordingly, we affirm the $1,000.00 penalty.
Cabrini also assigned as error the award of attorney fees. Mr. Burns answered the appeal, seeking an increase in the WCJ's award of attorney fees and an award for attorney fees for work performed on this appeal. As long as an award for attorney fees is supported by the record, the amount of the award is within the discretion of the WCJ. McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00); 773 So.2d 694. In his reasons for ruling, the WCJ noted the extent of the litigation and the excellence of counsel's post-trial brief. We have reviewed the record and do not find the WCJ's attorney fee award too high; however, we find that it was sufficient for counsel's efforts. We award an additional $1,500.00 in attorney fees for work performed on appeal.
For these reasons, the judgment of the WCJ is affirmed. Attorney fees in the amount of $1,500.00 are awarded for work performed by Mr. Burns' counsel on appeal. All costs of this appeal are assessed to Christus St. Frances Cabrini Hospital.
AFFIRMED AS AMENDED.