STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 03-547


EPOCH WELLSITE SERVICES

VERSUS

COREY ORTEGO


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 01-07086
SHERAL KELLAR, WORKERS' COMPENSATION JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Billie Colombaro Woodard, Michael G. Sullivan, and Billy
Howard Ezell, Judges.

AFFIRMED.


Mark Louis Riley
Onebane, Bernard, Torian
P. O. Box 3507
Lafayette, LA 70502-3507
(337) 237-2660
Counsel for: Plaintiff/Appellee
Epoch Wellsite Services

Michael W. Robinson
Pucheu, Pucheu & Robinson
P. O. Box 1109
Eunice, LA 70535-1109
(337) 457-9075
Counsel for: Defendant Appellant
Corey Ortego

**EZELL, JUDGE.**

In this workers' compensation case, Corey Ortego appeals the calculation of his wages for the purpose of determining his proper supplemental earning benefits (SEB) rate. He claims the workers' compensation judge erred in including his U.S. Army subsistence and housing allowances as wages in that calculation, thereby incorrectly raising his income and lowering his SEB. For the following reasons, we affirm the decision of the workers' compensation judge.

Ortego was employed by Epoch Wellsite when he was injured in an automobile accident in March of 1999. He was also a member of the National Guard working on communications systems. After the accident, Ortego began receiving SEB from Epoch based on his National Guard pay. After September 11, 2001, Ortego was moved to full time active duty in the U.S. Army. He was able to perform his light military duties despite his prior injury. As a full time soldier, Ortego became eligible to receive housing and subsistence allowances in addition to his base pay.

The current dispute arose when Epoch noticed that the amount Ortego was listing on his form 1020 was less than the gross amount on his pay stubs. Ortego was listing only his base pay, not the total amount he was receiving. Epoch then recalculated Ortego's SEB rate using the total amount, including the allowances, and took a credit for the amounts they claim they overpaid. This matter was submitted on briefs for ruling. The workers' compensation judge ruled that Ortego's post-accident average monthly wage should include the housing and subsistence allowances. Specifically, the workers' compensation judge ruled that La.R.S. 23:1021(10)(f) was not to be applied retroactively and that fringe benefits should be used in the calculation of wages. From this decision, Ortego appeals.

1

In his appeal, Ortego asserts four assignments of error which amount to two true assignments of error: that the workers' compensation judge erred in ruling that Ortego's allowances be included in the calculation of his wages for the purposes of determining his SEB rate and that the workers' compensation judge erred in not awarding Ortego attorney's fees. We disagree.

Allowances for housing and food are considered a fringe benefit. *See Morgan v. Equitable Gen. Ins. Co.*, 383 So.2d 1067 (La.App. 3 Cir.1980) (value of meals); *Ardoin v. S. Farm Bureau Cas. Ins. Co.*, 134 So.2d 323 (La.App. 3 Cir. 1961) (free residence and milk). "[F]ringe benefits generally should be factored into an injured worker's wages." *Batiste v. Capitol Home Health*, 96-799, p.11 (La.App. 3 Cir. 5/7/97), 699 So.2d 395, 401. The housing and subsistence allowances received by Ortego are not taxable under federal law. Louisiana Revised Statute 23:1021(10)(f) does provide that "no amount shall be included for any benefit or form of compensation which is not taxable to an employee for federal income tax purposes" in determining the average weekly wage. However, this Subsection was added by Acts 1999, No. 751, § 1, and had not yet taken effect at the time of Ortego's accident. This court has determined that La.R.S. 23:1021(10)(f) is not retroactive. *See McClain v. Pinecrest Dev. Ctr.*, 00-1622 (La.App. 3 Cir. 2/28/01), 779 So.2d 1112. Accordingly, the allowances should be included in the calculation of wages for the determination of SEB under Louisiana law.

The main claim that Ortego makes is that the inclusion of these allowances in workers' compensation benefit calculations pursuant to Louisiana law is preempted by federal law. We disagree. We first note that there is a strong presumption against federal preemption. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 112 S.Ct. 2608 (1992), *Sylvester v. Mentor Corp.*, 95-67 (La.App. 3 Cir. 9/20/95), 663 So.2d 176, *writ denied*, 95-2936 (La. 2/16/96), 667 So.2d 1052. Under the Supremacy Clause of

2

Article VI of the U.S. Constitution, enforcement of state law may be preempted by federal provisions if the Congress has either enacted a clear expression of that intent or it has legislated so comprehensively in a field that no room is left for state regulation. *Capital Cities Cable, Inc. v. Crisp*, 467 U.S. 691, 104 S.Ct. 2694 (1984). Preemption will also be found if it is impossible to comply with both the federal and state provisions, or when application of state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id. at* 699, 2700. (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404 (1941)). "The issue of federal preemption is a matter of statutory construction, i.e., a determination of whether the statutes and administrative rules and regulations conflict with a federal statute." *Capitol City Towing & Recovery, Inc. v. State, ex rel. Dep't of Pub. Safety & Corrections,* 03-75, p.1(La. 3/21/03), 842 So.2d 321.

Here, Ortego claims that the Louisiana law discussed above is preempted by 37 U.S.C.A. 101(21), which states: "[t]he term 'pay' includes basic pay. . .but does not include allowances." He claims that Congress passed this law to allow the serviceman the full benefit of these allowances without penalty or taxation. However, the use of these allowances in the calculation of wages under Louisiana Workers' Compensation Law to determine the rate of Louisiana SEB in no way affects Ortego's compensation from the Unites States Army. The only thing affected by this is the compensation Ortego receives under Louisiana Workers' Compensation Law. We find that the use of the allowances in this case to determine Louisiana SEB rates does not conflict or impinge upon a federally regulated area. Therefore, no Louisiana law is preempted by 37 U.S.C.A. 101(21).

Because the workers' compensation judge correctly included the housing and subsistence allowances in the calculation of wages in order to determine Ortego's SEB

rate, no penalties or attorney's fees are due to Ortego for Epoch's actions.

The decision of the trial court is affirmed.  Costs of this appeal are to be assessed against Corey Ortego.

**AFFIRMED**.

4