# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 05-803


**BRENDA BENNETT**

**VERSUS**

**RAPIDES PARISH SCHOOL BOARD**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION DISTRICT # 2
PARISH OF RAPIDES, NO. 03-07171
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**REVERSED IN PART; AFFIRMED IN PART AND REMANDED.**


George A. Flournoy
Flournoy, Doggett & Losavio
P. O. Box 1270
Alexandria, LA 71309
Counsel for Plaintiff/Appellee:
     Brenda Bennett

George C. Gaiennie, III
Hughes & LaFleur
P. O. Box 1831
Alexandria, LA 71309-1831
Counsel for Defendant/Appellant:
     Rapides Parish School Board

Pickett, J.

The defendant, the Rapides Parish School Board, appeals a judgment of a Workers' Compensation Judge (WCJ) which includes retirement contributions made by the employer in the calculation of the claimant's average weekly wage and in awarding attorney's fees in connection with this issue. The claimant, Brenda Bennett, answered the appeal seeking an increase in penalties and attorney's fees, an increase in the calculation of her average weekly wage to include summer employment and an order compelling the defendant to provide her with vocational rehabilitation. We affirm, in part, and reverse, in part. We remand the case for the determination of the claimant's proper average weekly wage and to clarify whether the claimant is due temporary total benefits, as stated in the WCJ's reasons for ruling, or supplemental earnings, as reflected in his judgment.

**FACTS**

It was stipulated that the claimant, a food service worker in the employ of the defendant, was injured in the course and scope of her employment on November 4, 2002. Her last day at work was November 7, 2002. The claimant underwent a micro-discectomy by Dr. Lawrence Drerup, a neurosurgeon, on November 27, 2002, and has not returned to work. She was subsequently treated by Dr. Clark Gunderson, an orthopedic surgeon. The claimant was also referred, for consultation, to Dr. Michael Dole, a physical medicine and rehabilitation specialist, and Dr. James Quillin, a psychologist. Dr. Gunderson's records reflect that as of the summer of 2004, the claimant was on "no work" status. At the time of her injury, her "contracted salary" was $14,624.37 per annum. The contract period was for the 185 days of the regular school year, but the claimant chose to have her salary paid over the course of twelve

2

months. She was also employed by the defendant during the summer in the summer feeding program and earned an additional $2008.98 from that employment.

## LAW AND DISCUSSION

The standard of review in workers' compensation cases was discussed by our supreme court in *Dean v. Southmark Const.*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117,:

> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Robinson*, 865 So.2d at 105.

However, in *Evans v. Lungrin*, 97-541, pp. 6-7 (La. 2/6/98), 708 So.2d 731, 735, the Louisiana Supreme Court reminded us of the following rule of law:

> [W]here one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent *de novo* review of the record and determine a preponderance of the evidence. *Ferrell v. Fireman's Fund Ins. Co.*, 94-1252 (La.2/20/95); 650 So.2d 742, 747, *rev'd in part, on other grounds*, 96-3028 (La.7/1/97); 696 So.2d 569, *reh'g denied*, 96-3028 (La.9/19/97); 698 So.2d 1388. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. *See Lasha v. Olin Corp.*, 625 So.2d 1002, 1006 (La.1993). Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. *See Lasha*, 625 So.2d at 1006. When such a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is

3

required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts *de novo*. *Lasha*, 625 So.2d at 1006.

In the case sub judice, we are faced with both situations, we must review both questions of law and questions of fact.

The defendant, school board, argues the WCJ erred in including retirement benefits in the computation of the claimant's average weekly wage (AWW). We agree.

Louisiana Revised Statutes 23:1021(12) defines wages as the "average weekly wage at the time of the accident." Subsection (f) of La.R.S. 23:1021(12)(emphasis added) states as follows:

> In the determination of "wages" and the average weekly wage at the time of the accident, *no amount shall be included for any benefit or form of compensation which is not taxable to an employee for federal income tax purposes;* <u>*however, any amount withheld by the employer to fund any nontaxable or tax-deferred benefit provided by the employer and which was elected by the employee in lieu of taxable earnings shall be included in the calculation of the employee's wage and average weekly wage*</u> including but not limited to any amount withheld by the employer to fund any health insurance benefit provided by the employer and which was elected by the employee in lieu of taxable earnings shall be included in the calculation of the employee's wage and average weekly wage.

The defendant argues that the first emphasized section (that part not underlined) should apply, while the claimant argues that the second or underlined emphasized section should govern. We must agree with the defendant. The phrase "no amount shall be included for any benefit or form of compensation which is not taxable to an employee for federal income tax purposes" is clear and unambiguous. It excludes *all* forms of compensation " not taxable to an employee for federal income tax purposes." The underlined section then, provides for exceptions to the general prohibition. The Louisiana Supreme Court, in *Mallard Bay Drilling, Inc. v. Kennedy*, 04-1089, pp. 16-

17 (La. 6/29/05), 914 So.2d 533, 546, reminded us of the following:

> When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the legislature's intent. La. C.C. art. 9. It is presumed that every word and provision in a statute was intended to serve some useful purpose, that some effect is to be given to each provision, and that no words or provisions were used unnecessarily. *ABL Mgmt., Inc. v. Board of Sup'rs of Southern Univ.*, 00-0798, p. 6 (La.11/28/00), 773 So.2d 131, 135. Conversely, it is not presumed that the legislature inserted idle, meaningless or superfluous language in a statute or that it intended any part of the statute to be meaningless, redundant or useless. *Id.* The courts have a duty, if possible, to adopt a statutory construction that harmonizes and reconciles the statute with other provisions. *Id.* Finally, courts should avoid a construction that creates an inconsistency when a reasonable interpretation can be adopted that does not do violence to the plain words of the statute and will carry out the legislature's intention. *Id.*

While fringe benefits, including employer contributions to retirement accounts, were formerly included in calculating an employee's AWW, the amendment to §1021 changed the law. After the 1999 amendment changed the law, this court addressed the change a number of times. In one of the earliest cases, *McClain v. Pinecrest Dev. Ctr.*, 00-1622, p. 2 (La.App. 3 Cir. 2/28/01), 779 So.2d 1112, 1114, the court noted:

> At the time of her injury, Pinecrest was making retirement and Medicare contributions on behalf of Ms. McClain. She claims these fringe benefits should have been included in the calculation of her AWW. Pinecrest argues that pursuant La.R.S. 23:1021(10)(f), fringe benefits are not included in the AWW calculation.
>
> La.R.S. 23:1021(10) defines AWW. In 1999, the legislature enacted subpart (f) of this provision, which reads as follows:
>
>> (f) Income tax. In the determination of "wages" and the average weekly wage at the time of the accident, no amount shall be included for any benefit or form of compensation which is not taxable to an employee for federal income tax purposes; however, any amount withheld by the employer to fund any non-taxable or tax-deferred benefit provided by the employer and which was elected by the employee in lieu of taxable earnings shall be included in the calculation of the employee's wage and average weekly wage.

5

Prior to the enactment of this provision, the value of fringe benefits was generally factored into the calculation of the AWW. *Batiste v. Capitol Home Health*, 96-799 (La.App. 3 Cir. 5/7/97), 699 So.2d 395.

La.R.S. 23:1021(10)(f) was enacted after Ms. McClain's injury. Therefore, we must determine whether it should be applied retroactively to her claim.

Finding the change to be substantive rather than procedural, the court found the WCJ was correct in refusing to apply the amendment retroactively and that the WCJ had been correct in including retirement contributions in calculating the claimant's AWW. Thus the *McClain* court indicated that in the future "any benefit or form of compensation which is not taxable to an employee for federal income tax purposes" would be excluded from calculating a claimant's AWW. *See also Burns v. St. Frances Cabrini Hosp.*, 02-518 (La.App. 3 Cir. 10/30/02), 830 So.2d 572; *Belaire v. Don Shetler Olds Buick Chevrolet*, 02-1152 (La.App. 3 Cir. 6/4/03), 847 So.2d 723; and *Epoch Wellsite Services v. Ortego*, 03-547 (La.App. 3 Cir. 11/5/03), 858 So.2d 827, *writ denied*, 03-3348 (La. 2/13/04), 867 So.2d 693.

We are not persuaded by the claimant's argument that the underlined portion of the section was meant to include retirement benefits. We read the section as including only voluntary retirement plans such as §401(k) plans and not mandatory plans such as the School Board's.

The claimant argues that her summer wages should have been included in the calculation of her AWW. We agree with this argument. Louisiana Revised Statutes 23:1021(12) (v) provides, in part, as follows:

> (v) For an employee in seasonal employment, his annual income divided by fifty-two.

> (aa) For purposes of this Subparagraph, seasonal employment shall be any employment customarily operating only during regularly recurring periods of less than forty-four weeks annually.

6

The claimant's employment in the case at bar meets that definition. Furthermore, §(12)(c) provides, "If the employee is employed at an annual salary, his annual salary divided by fifty-two." Additionally, §(12)(a)(iv)(bb)(emphasis added) states:

> If the employee is a part-time employee in one of the successive employments, is injured in that employment, but as a result of the injury also incurs loss of income from other successive employments, that employee shall be entitled to benefits computed by determining wages under the provisions of this Subsection using his hourly rate in employment at the time of injury and *using the total hours worked for all employers* of the part-time employee, but not to exceed his average, actual weekly hours worked or forty hours weekly, whichever is less.

Our colleagues of the first circuit addressed a similar situation in *Brounette v. East Baton Rouge Parish School Bd.*, 610 So.2d 979(La.App. 1 Cir. 1992), *writ denied*, 612 So.2d 64, (La. 1993), wherein the court determined that a teacher's aide, injured on the job, should have her AWW determined by taking her annual salary and dividing by 52 as was done in our case. On appeal the aide argued that the AWW should have been calculated by dividing her salary by the number of weeks worked. The court explained thusly:

> We find no merit in the plaintiff's argument that this method does not fully compensate her for her earning capacity. The plaintiff suggests that but for her disability, she could have engaged in other employment during the three months of the year that she was not working for the school board, and that she is not being compensated for that potential earning capacity. Although the Act did not directly address the instant situation, we believe that the provisions of the Worker's Compensation Act and the rationale for the enactment of that legislation negate any intent on the part of the legislature to provide compensation for *the mere possibility* that the injured employee could have earned additional income in another job. *We note that the Act does specifically provide for situations where an employee has successive employments and is injured in one of his employments and suffers loss of income from his successive employment.* LSA-R.S. 23:1021(10)(a)(iv). *In such situations the employer in whose service the employee was injured must pay the benefits due the employee, and the benefits will be based on the average weekly hours which he worked in all of his employment* or forty hours per week, whichever is less. This statute was an attempt to find a middle ground between the pre-1983 complete protection of minimum earning

7

capacity and the post-1983 statute which only offered protection of actual earnings in the part-time job. *Louisiana Civil Law Treatise, Workers Compensation*, 2d Edition, Section 322, 1980. We believe that it is the plaintiff's actual wages which should be protected in the instant case where she did not have a second job and where the school board classified her as an annual salaried employee.

*Brounette*, 610 So.2d at 980-81 (emphasis ours). The court indicated that if the aide had a second job, then the wages from that job should have been included in determining the aide's AWW. In a more recent case, this court considered the proper calculation of the AWW for an injured employee who held two jobs under the same employer:

> Mr. Mitchell earned $344.27 weekly from his full-time employment at Winnfield Funeral Home and $800.00 monthly from his part-time employment at the Nurturing Nook Childcare Center. Both companies were owned by the same individual, Ben Johnson. Benefits were paid to Mr. Mitchell using only the wage calculation from his full-time employment at Winnfield Funeral Home. Excluding the wages from his part-time employment was improper. *Glynn v. City of New Orleans*, 95-1353 (La.App. 4 Cir. 4/3/96), 672 So.2d 1112. In *Glynn*, the plaintiff was employed as a fire fighter for the City of New Orleans. In addition to his job with the City he worked for Delgado City College part-time and also received supplemental pay from the State of Louisiana. Mr. Glynn injured his back while working for the City of New Orleans. The court concluded: "Glynn's additional revenues from the employment other than the City and his state supplemental pay were properly included in his earnings to calculate his SEB. *See Jones v. Orleans Parish School Board*, 370 So.2d 677 (La.App. 4 Cir.1979)." *Id.* at 1115.

*Mitchell v. Winnfield Holding Corp.*, 03-677, pp. 4-5 (La.App. 3 Cir. 12/17/03), 861 So.2d 931, 934, *writ denied*, 04-191 (La. 4/2/04), 869 So.2d 878. After, a long discussion of the matter, the court concluded, "We find Mr. Mitchell's part-time employment at the Nurturing Nook should have been included in the calculation of his benefits." *Id.* at 936. We reach the same conclusion here. We reject the defendant's argument that the claimant's summer employment was not guaranteed—the program had been in existence for ten years and the claimant had

8

worked each summer she had been employed as a regular employee by the Board.

Although we reverse the WCJ on the issue of the inclusion of retirement benefits in the calculation of the claimant's AWW, because we find that the claimant's summer employment wages should have been included in that calculation, we find the attorney's fees awarded are now attributable to the latter issue.

> The only limitation on the amount is the reasonableness of the fee awarded by the judge. The amount awarded rests within the discretion of the workers' compensation judge, as long as that amount is supported by the record. Some of the factors taken into account by the judge in fixing the amount of the fee are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the employee, and the amount of time the attorney devoted to the case. The amount awarded is intended to provide full recovery, without statutory limitation, for attorney's services and expenses in connection with the litigation.

*McCarroll v. Airport Shuttle, Inc.*, 00-1123, pp. 9-10 (La. 11/28/00), 773 So.2d 694, 700, (footnotes and citations omitted). Accordingly, we do not disturb the attorney's fees awarded by the WCJ. Additionally, we award the claimant $1,5000.00 in attorney's fees for her attorney's work on this appeal.

Finally, we address the issue of vocational rehabilitation. The WCJ found that, as of the trial of the matter, the claimant's treating physician, Dr. Gunderson, had the claimant on "no work" status and thus the School Board's denial of the claimant's request for vocational rehabilitation was neither unreasonable nor arbitrary and capricious and that the claimant was not entitled to rehabilitation at that time.

> Under the worker's compensation scheme, an employee who has suffered a compensable injury, which precludes her from earning wages equal to her pre-injury wages, is entitled to rehabilitation services to be provided by her employer. La.R.S. 23:1226(A). "The goal of rehabilitation services is to return a disabled worker to work, with a minimum of retraining, *as soon as possible* after an injury occurs." La.R.S. 23:1226(B)(1). [Emphasis added.]
>
> . . . .

9

The Rehabilitation statute does not specify when an employee is required to submit to rehabilitation. It only states "as soon as possible" and grants the hearing officer complete discretion as to what that means and whether rehabilitation is even appropriate for a particular employee.

*Rideaux v. Franklin Nursing Home*, 95-240, pp. 8-9 (La.App. 3 Cir. 11/22/95), 664 So.2d 750, 757, *writ denied*, 95-3093 (La.2/16/96), 667 So.2d 1058. Considering the discretion granted the WCJ and that it is the best interests of an employer to rehabilitate an injured employee as soon as possible, we find no error in the WCJ's ruling on this issue.

Accordingly, for the reasons stated above the judgment of the WCJ is reversed in that it orders the inclusion of retirement contributions made by the employer and the exclusion of the claimant's summer employment salary in the calculation of the claimant's AWW. In all other respects, the judgment is affirmed. The claimant's requests for immediate vocational rehabilitation is denied. Additionally, we award the claimant $1,5000.00 in attorney's fees for her attorney's work on this appeal. The case is remanded for the calculation of the claimant's proper AWW and to clarify whether the claimant is due temporary total benefits, as stated in the WCJ's reasons for ruling or supplemental earnings as reflected in his judgment. Each party is to bear its own cost on appeal.

**REVERSED IN PART; AFFIRMED IN PART AND REMANDED.**