# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-1342**

GWENDOLYN ROCHESTER

VERSUS

SOUTHWEST DEVELOPMENTAL CENTER

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT # 4
PARISH OF LAFAYETTE, NO. 06-04823
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**
**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**AFFIRMED AS AMENDED.**

**Gremillion, J., dissents in part and assigns written reasons.**

Michael B. Miller
Miller & Miller
P. O. Box 1630
Crowley, LA 70527-1630
Counsel for Claimant/Appellant:
        Gwendolyn Rochester

Sylvia M. Fordice
Asst. Attorney General
556 Jefferson St., 4th Fl
Lafayette, La 70501
Counsel for Defendant/Appellee:
        Southwest Developmental Center

**PICKETT, J.**

The claimant, Gwendolyn Rochester, appeals, as erroneously low, a ruling by a Workers' Compensation Judge (WCJ) setting her temporary total disability weekly compensation rate at $199.19 and the award of only $4,000.00 in attorney's fees. Additionally, the claimant seeks an award of attorney's fees for prosecution of this appeal. We affirm the weekly compensation rate awarded, increase the award of attorney's fees at the trial level to $7,000.00 and award the claimant $3,000.00 in attorney's fees for prosecution of this appeal.

## FACTS

There are no facts in dispute in this case. The parties agree that the claimant was injured in the course and scope of her employment at Southwest Development Center on March 6, 2006. They also agree that her average weekly wage (AWW) was $298.78. The only dispute is whether the statutes require that the claimant's AWW be enhanced by the inclusion of the value of her fringe benefits. The other issue raised, the award of attorney's fees, is discretionary.

## LAW AND DISCUSSION

On appeal the first issue the claimant argues is that the WCJ erred in calculating her AWW by not including the weekly value of her fringe benefits (vacation and holiday pay, etc.) as "other wages" in that calculation. The appellant bases her argument on *Transportation Insurance Co. v. Pool*, 30,250, p. 6 (La.App. 2 Cir. 5/13/98), 714 So.2d 153, 157, *writs denied*, 98-1566 (La. 9/25/98), 725 So.2d 486, 98-1616 (La. 9/25/98), 725 So.2d 488, wherein the court held: "The value of fringe benefits will be included in the calculation of weekly wages for the purposes of determining the compensation rate provided the giving of such benefits was fairly

contemplated by the parties as they entered the contract of employment."  In Mr. Pool's case there are two distinguishing facts: first, Mr. Pool was injured in 1983, long before subpart "f" was added to La.R.S. 23:1021(10), and second, Mr. Pool was working under a union contract which included Mr. Pool's fringe benefits as part of his consideration of employment.  The claimant also cites several other cases—*Burns v. St. Frances Cabrini Hosp.*, 02-518 (La.App. 3 Cir. 10/30/02), 830 So.2d 572; *Doucet v. Crowley Mfg.*, 96-1638 (La.App. 3 Cir. 4/30/97), 693 So.2d 328, *vacated on other grounds*, 97-1438 (La. 9/19/97), 701 So.2d 143; and *G.N.B., Inc. v. Jones*, 29,779 (La.App. 2 Cir. 8/20/97), 699 So.2d 466.  However, the injuries to the claimants in all of these cases predated the 1999 addition of subsection "f" to La.R.S. 23:1021(10).

Subsection (f) of this provision provides as follows (emphasis ours):

> **(f) Income tax.**  In the determination of "wages" and the average weekly wage at the time of the accident, *no amount shall be included for any benefit or form of compensation which is not taxable to an employee for federal income tax purposes*; however, any amount withheld by the employer to fund any nontaxable or tax-deferred benefit provided by the employer and which was elected by the employee in lieu of taxable earnings shall be included in the calculation of the employee's wage and average weekly wage.

Prior to the enactment of this provision, the value of fringe benefits was generally factored into the calculation of the AWW.  See the cases cited by the claimant, above.  Following the amendment, this court considered its affect.  In *Bennett v. Rapides Parish School Brd.*, 05-803 (La.App. 3 Cir. 2/22/06), 923 So.2d 843, *writ denied*, 06-685(La. 6/2/06), 1255, the court relied upon *McClain v. Pinecrest Development Ctr.*, 00-1622 (La.App. 3 Cir. 2/28/01), 779 So.2d 1112, to decide if the amendment should be applied retroactively:

3

La.R.S. 23:1021(10)(f) was enacted after Ms. McClain's injury. Therefore, we must determine whether it should be applied retroactively to her claim.

Finding the change to be substantive rather than procedural, the court found the WCJ was correct in refusing to apply the amendment retroactively and that the WCJ had been correct in including retirement contributions in calculating the claimant's AWW. Thus the *McClain* court indicated that in the future "any benefit or form of compensation which is not taxable to an employee for federal income tax purposes" would be excluded from calculating a claimant's AWW. *See also Burns v. St. Frances Cabrini Hosp.*, 02-518 (La.App. 3 Cir. 10/30/02), 830 So.2d 572; *Belaire v. Don Shetler Olds Buick Chevrolet*, 02-1152 (La.App. 3 Cir. 6/4/03), 847 So.2d 723; and *Epoch Wellsite Services v. Ortego,* 03-547 (La.App. 3 Cir. 11/5/03), 858 So.2d 827, *writ denied*, 03-3348 (La.2/13/04), 867 So.2d 693.

*Bennett*, 923 So.2d at 847 (underlining ours).

Both the appellee and the WCJ in the case sub judice rely on this court's ruling in *Ivory v. Southwest Developmental Center*, 07-1201 (La.App. 3 Cir. 3/5/08), 980 So.2d 108. In *Ivory* we reasoned as follows:

In *Sterling v. Asplundh Tree Expert Co.*, 03-266, p. 9 (La.App. 3 Cir. 10/1/03), 856 So.2d 125, 130, *writ denied*, 03-3017 (La.1/30/04), 865 So.2d 79, this court stated that "[a]ny fringe benefit that an employer provides is taxable and must be included in the recipient's pay unless that fringe benefit is specifically excluded by the law. EMPLOYER'S TAX GUIDE TO FRINGE BENEFITS PUB. 15-B (Dept. of the Treasury, Internal Rev. Serv., Jan. 2003)." Excluded benefits include items such as accident and death benefits, group-term life insurance coverage, meals, and moving expense reimbursements. *Id.* We held in *Sterling* that because "[p]aid holiday and vacation fringe benefits are not the type of fringe benefits excluded from income taxation [,]" the workers' compensation judge did not err in including these benefits in the claimant's average weekly wage.

Here, the record does not indicate that Ivory received any fringe benefits which were specifically excluded from income taxation. With regard to the sick leave, annual leave, and compensatory time, Tina Pousson (Pousson), Supervisor of Human Resources at Southwest, testified that when they are used, they are reflected on Ivory's paycheck, and she pays taxes on them. Because these benefits are taxable when they are used, we find that they are included in Ivory's pay and the calculation of her average weekly wage.

4

With regard to holidays, Pousson testified that "whenever [employees] have a set schedule they are mandated to work that particular schedule regardless if it's a holiday or not." She further testified that instead of getting paid overtime, the "employee receives compensatory time for working on a holiday." This testimony indicates that Ivory would be paid for holidays, regardless if she worked on those days. Therefore, paid holidays are not included in the calculation of Ivory's average weekly wage. *See Anderson v. Eckerd Corp.*, 04-1053, p. 3 (La.App. 1 Cir. 5/6/05), 915 So.2d 901, 903 (wherein the first circuit held that "[w]here holiday and vacation pay are already figured in a claimant's salary whether or not he works on those days, in the calculation of a claimant's average weekly wage, addition of amount of holiday and vacation pay equates to adding those amounts into the calculation twice, which is clearly wrong.")

*Ivory*, 980 So.2d at114-15.

The claimant in this case offers the same argument as did the claimant in *Ivory*, i.e., that her "fringe benefits should be calculated separately as "other wages" under La.R.S. 23:1021(12)(d)."

This case involves a like claim, against the same defendant, brought before the same WCJ, with both parties being represented by the same attorneys who called the same witness (i.e., Tina Pousson) for the defendant.

We answer that argument in the same way we did in *Ivory*:

We find no merit in [Rochester's] contention that fringe benefits should be computed under La.R.S. 23:1021(12)(d) insofar as this provision addresses "other wages," which courts have determined to include gross earnings such as sales commissions and tips. *See Stegall v. J & J Exterminating*, 94-1279 (La.App. 3 Cir. 3/1/95), 651 So.2d 400 and *Dupont v. Holiday Inn of Jennings*, 96-684 (La.App. 3 Cir. 12/11/96), 685 So.2d 525. Given our finding that [Rochester] is an hourly employee, the fringe benefits used in the four full weeks preceding her accident on [March 6, 2006] are included in the relevant calculations. See La.R.S. 23:1021(a)(i).

*Id.* at 114.

### ATTORNEY'S FEES

On appeal the claimant raises three issues dealing with attorney's fees:

5

(1) Should an attorney fee be reduced due to a technical violation of the statute?

(2) Should an attorney fee award be limited to attorney's work done in addressing sanctionable behavior?     [and]

(3) Should an additional attorney fee be awarded for work on appeal?

In *McCarroll v. Airport Shuttle, Inc.*, 00-1123 pp. 9-10 (La. 11/28/00), 773 So.2d 694, 700 (footnote omitted; emphasis ours), our supreme court stated:

> In our determination of the respective rights of the employee and the attorney to the statutory attorney fees, a persuasive factor is the methodology used to calculate the amount of the statutory attorney fees. The only limitation on the amount is the reasonableness of the fee awarded by the judge. *Cain, supra.* The amount awarded rests within the discretion of the workers' compensation judge, *as long as that amount is supported by the record.* Some of the factors taken into account by the judge in fixing the amount of the fee are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the employee, and the amount of time the attorney devoted to the case. H. Alston Johnson, III, *supra* § 389. *The amount awarded is intended to provide full recovery, without statutory limitation, for attorney's services and expenses in connection with the litigation.*

When the WCJ first considered the issue of attorney's fees, she was inclined to award the claimant $7,000.00 for the work done by her attorney. The WCJ based this award on the affidavit of counsel showing 66 hours of work expended on the case and upon the skill and ability of counsel. The defense objected to the award, arguing that many of the issues in the case ended up being settled in a stipulation. After considering opposing counsel's argument, the WCJ reduced the award of attorney's fees to $4,000.00. We find this to be an abuse of the WCJ's much discretion. Stipulations do not just happen. Before they agree to stipulate, the parties to a stipulation must be convinced that litigation of the items contained therein would be fruitless. To convince the opposing party that you are right takes time and a high degree of skill and ability. Attorney's fees are based upon time, skill and ability. It

6

is the employment of these factors which produced the stipulation that awarded the claimant $8,000.00 in penalties. This positive result should not result in a penalty, i.e., the award of a lower attorney fee.

Accordingly, we amend the judgment of the WCJ to award the claimant the $7,000.00 in attorney's fees as first contemplated by the WCJ. Furthermore, we find $3,000.00 to be a reasonable award for work done pursuant to this appeal. The parties are to bear their own costs on appeal.

**AFFIRMED AS AMENDED.**

7

COURT OF APPEAL

THIRD CIRCUIT

09-1342

GWENDOLYN ROCHESTER

VERSUS

SOUTHWEST DEVELOPMENT CENTER

**GREMILLION, Judge, dissents in part.**

I concur in the majority's ruling on the issue of the employee's average weekly wage. I concur with the majority on the issue of attorney fees at the trial level. I dissent on the award of attorney fees on appeal.

The award of attorney fees at the appellate level has long been predicated on the notion that the party who was successful at the trial level and successfully defends that judgment should not bear the additional expense and burden when she succeeds on appeal. Even as far back as 1975, we stated (emphasis added):

> This court has consistently recognized the fact that litigants *successful at the trial level*, must incur additional expenses to protect their rights upon appeal. Accordingly we have granted additional attorney's fees in the amount of $500.00 in similar cases. Benoit v. Travelers Insurance Company, 251 So.2d 87 (La.App.3rd Cir. 1971); Thibodeaux v. Associated Distributing Company, 260 So.2d 46 (La.App.3rd Cir. 1972); Ryder v. Insurance Company of North America, 282 So.2d 771 (La.App.3rd Cir. 1973); Payne v. Travelers Insurance Company, 299 So.2d 913 (La.App.3rd Cir. 1974); Delahoussaye v. Allen Action Agency, Inc., 300 So.2d 575 (La.App.3rd Cir. 1974).

*Horn v. Vancouver Plywood Co.* 322 So.2d 816, 820 (La.App. 3 Cir. 1975). We recently affirmed this in *Bourgeois v. Brown's Deli & Market, Inc.*, 09-290 (La.App. 3 Cir. 10/14/09), 21 So.3d 1072. *See also Rivers v. Bo Ezernack Hauling Contr., Inc.*, 09-991 (La.App. 3 Cir. 3/10/10) ___ So.3d ___, and *Agilus Health v. Accor Lodging North America*, 09-1049 (La.App. 3 Cir. 3/10/10), ___ So.3d ___. The appellant lost

her demand on the calculation of her average weekly wage at the trial court and again before us; this on an issue her counsel had unsuccessfully litigated before the same trial court, against the same employer, and had unsuccessfully appealed to this court in *Ivory v. Southwest Dev. Ctr.*, 07-1201 (La.App. 3 Cir. 3/5/08), 980 So.2d 108. She failed to receive the amount of attorney fees she sought at the trial level. The only portion of the WCJ's ruling we disturbed on appeal was the amount of the attorney fees award. Because Rochester succeeded in being awarded an additional $3,000 in attorney fees does not entitle her to $3,000 in fees on appeal.

Additional fees for appeal are not warranted when a party loses at the trial level; but, even were one to accept the premise that fees can be awarded for a successful appeal, they are totally unwarranted when the only issue on which she succeeds is the attorney fee award. I respectfully dissent from the majority's award of $3,000 in attorney fees for work performed on the appeal.