915 So.2d 901 (2005)
John ANDERSON
v.
ECKERD CORPORATION.
No. 2004 CA 1053.
Court of Appeal of Louisiana, First Circuit.
May 6, 2005.
*903 Michael Miller, Crowley, Counsel for Appellant John Anderson.
Jeffrey Napolitano, Metairie, Counsel for Appellee Eckerd Corporation.
Before: PARRO, KUHN, and WELCH, JJ.
KUHN, J.
Claimant-appellant, John Anderson, appeals a judgment, awarding him disability benefits against his former employer, defendant-appellee, Eckerd Corporation (Eckerd) in the amount of $346.33 per week beginning from August 11, 2000 until August 12, 2001, and from January 17, 2002 until May 17, 2003, the latter having been stipulated as a time period for which Eckerd had paid weekly disability benefits but in amounts less than $346.33. Claims for other requested disability benefits, payment of a medical bill, and penalties and attorney's fees as a result of Eckerd's termination of disability benefits and its failure to pay mileage were denied.[1] We affirm.
On appeal, claimant complains that the Office of Workers' Compensation (OWC) erred in: (1) its calculation of the amount of disability benefits, having failed to include holiday and vacation time as well as bonuses; (2) concluding he is not entitled to disability benefits from August 13, 2001 through January 16, 2002, as well as from May 17, 2003 through the present; (3) denying his claim for payment by Eckerd of a bill from Dr. Jackson, his primary care physician; (4) failing to order Eckerd to pay the mileage expenses he submitted and to assess a penalty against the employer for that failure; and (5) dismissing his claim for attorney's fees for Eckerd's termination of disability benefits and its failure to pay his mileage expense.
In a workers' compensation case, the appellate court's review is governed by the manifest error or clearly wrong standard. Smith v. Louisiana Dep't of Corr., 93-1305 (La.2/28/94), 633 So.2d 129, 132. Thus, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. Stobart v. State through DOTD, 617 So.2d 880, 882 (La.1993).
Where holiday and vacation pay are already figured in a claimant's salary whether or not he works on those days, in the calculation of a claimant's average weekly wage, addition of amount of holiday and vacation pay equates to adding those amounts into the calculation twice, which is clearly wrong. See Moses v. Grambling State Univ., 33,185, p. 4 (La.App.2d Cir.5/15/00), 762 So.2d 191, 195, writ denied, XXXX-XXXX (La.9/22/00), 768 So.2d 1285. The value of bonuses, if proven, will be included in the calculation of weekly wages for the purpose of determining the compensation rate. See Daigle v. Sherwin-Williams Co., 545 So.2d 1005, 1008-09 (La.1989); see also Caparotti v. Shreveport Pirates Football Club, 33,570, p. 4 (La.App.2d Cir.8/23/00), 768 So.2d 186, 190, writ denied, 2000-2947 (La.12/15/00), 777 So.2d 1230 (declining to include value of *904 alleged additional benefits in calculation of workers' compensation rate was not clearly wrong, where claimant was uncertain about amount paid to her by her employer and did not introduce documentary evidence or other corroborating proof of such payments).
To be entitled to disability benefits, the work-related injury must be disabling, whether it be temporary or permanent. Pursuant to La. R.S. 23:1221(1)(c), a claimant has the burden of proving a temporary, total disability by clear and convincing evidence. In the absence of clear and convincing evidence that the claimant is physically unable to engage in any employment, the claimant's demand for temporary, total disability benefits fails. Walker v. High Tech Refractory Serv., Inc., XXXX-XXXX, p. 3 (La.App. 1st Cir.6/25/04), 885 So.2d 1185, 1188. In order to recover supplemental earnings benefits (SEBs), a claimant must first prove by a preponderance of the evidence that a work-related injury has resulted in his inability to earn 90 percent or more of his average pre-injury wage. La. R.S. 23:1221(3). Once the employee's burden is met, the burden shifts to the employer who, in order to defeat the employee's claim for SEBs or establish the claimant's earning capacity, must prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer's community or reasonable geographic region. Tynes v. Gaylord Container Corp., XXXX-XXXX, pp. 6-7 (La.App. 1st Cir.2/14/03), 844 So.2d 80, 86, writ denied, XXXX-XXXX (La.5/9/03), 843 So.2d 404. OWC's assessments of the credibility of witnesses or the weight of the medical evidence are not to be disturbed unless clearly wrong. Bethley v. Keller Constr., XXXX-XXXX, p. 9 (La.App. 1st Cir.12/20/02), 836 So.2d 397, 404, writ denied, XXXX-XXXX (La.4/21/03), 841 So.2d 792.
To be reimbursed for mileage reasonably and necessarily traveled by an employee in order to obtain medical services, claimant bears the burden of proving, by a preponderance of the evidence, that the expenses are reasonably necessary for treatment of a medical condition caused by the work injury. See Collins v. Family Dollar Stores, Inc., 99-0622 (La.App. 1st Cir.5/12/00), 760 So.2d 1210, writs denied, 2000-2356, 2000-2363 (La.11/13/00), 773 So.2d 727; La. R.S. 23:1203D.
Because the record contains reasonable factual bases to support OWC's calculation of the amount of benefits owed by Eckerd and its determination of the duration of claimant's entitlement to those benefits, Anderson has failed to demonstrate that the OWC decision is manifestly erroneous (clearly wrong). Additionally, claimant failed to meet his burden of proving his entitlement to reimbursement for mileage expenses. Finding no error of law appears on the record, we affirm the judgment in compliance with La. URCA Rule 2-16.1.B. Appeal costs are assessed against claimant-appellant, John Anderson.
AFFIRMED.
NOTES
[1] The judgment also awards claimant penalties and attorney's fees against Eckerd for failure to properly calculate Anderson's indemnity rate and orders Eckerd to pay for surgery and a physician-prescribed medicine. These rulings have not been appealed.