CARTER, C.J.
lain this workers’ compensation dispute, the claimant appeals a judgment awarding her thirteen months of temporary total disability benefits for a mental injury incurred as a result of work-related mental stress, along with penalties and attorney fees. For the following reasons, we affirm.
BACKGROUND
Dorothy L. Sanders’ claim for workers’ compensation benefits arises out of a traumatic incident that occurred on September 2, 2003, while she was working for her employer, Coastal Bridge Co., Inc. While Ms. Sanders’ was performing her construction carpenter job on a drawbridge that was under construction at 70 — 80 feet above the ground, the lift span of the drawbridge suddenly and unexpectedly moved, causing heavy debris to fall to the ground. Consequently, Ms. Sanders was trapped in a small area adjacent to the *742 operator’s house near the side of the drawbridge. Ms. Sanders was rescued along with other employees via a safety basket. During the rescue, Ms. Sanders viewed a part of the body of a co-worker who had been crushed and killed by the falling bridge debris. Ms. Sanders left work early that day and did not return for one week. When she returned to work, she reported feeling uncomfortable performing her regular job duties, so her employer assigned her to a different duty. Ms. Sanders worked approximately two more weeks but then stopped in order to receive counseling and treatment for post-traumatic stress disorder and depression. Ms. Sanders filed a disputed claim for compensation on October 14, 2003.
A trial was held on May 2, 2005, wherein the workers’ compensation judge (WCJ) found that Ms. Sanders had proven by clear and convincing evidence that she had suffered a mental injury as a result of the September 2, | s2003 work-related accident. This finding is not questioned on appeal. The WCJ awarded Ms. Sanders temporary total disability (TTD) benefits for thirteen months, from the date of the accident until October 2004. The WCJ also awarded penalties and attorney fees to Ms. Sanders. On appeal, Ms. Sanders argues that the WCJ erroneously discontinued her TTD benefits in light of clear and convincing evidence that she was unable to work, and the WCJ erroneously failed to award her supplemental earnings benefits (SEBs).
LAW AND ANALYSIS
In order to be entitled to disability benefits, the work-related injury must be disabling, whether it be temporary or permanent. Anderson v. Eckerd Corp., 04-1053 (La.App. 1 Cir. 5/6/05), 915 So.2d 901, 904, writ denied, 05-1520 (La.1/9/06), 918 So.2d 1044. Benefits for TTD shall be awarded only if a claimant proves by clear and convincing evidence that she is physically unable to engage in any employment. LSA-R.S. 23:1221(l)(c); Collins v. Family Dollar Stores, Inc., 99-0622 (La.App. 1 Cir. 5/12/00), 760 So.2d 1210, 1214, writs denied, 00-2356, 00-2363 (La.11/13/00), 773 So.2d 727; Gordon v. Sandersons Farms, 96-1587 (La.App. 1 Cir. 5/9/97), 693 So.2d 1279, 1285. While the workers’ compensation laws are to be construed liberally in favor of the claimant, that interpretation cannot lessen the claimant’s burden. Disability can be proven by medical and lay testimony. Isaac v. Lathan, 01-2639 (La.App. 1 Cir. 11/8/02), 836 So.2d 191, 199. Furthermore, a claimant who is unable to return to work as a result of a mental injury is entitled to TTD benefits. Williams v. Capitol Steel, 93-2154 (La.App. 1 Cir. 10/7/94), 644 So.2d 705, 707.
In order to recover SEBs, a claimant must first prove by a preponderance of the evidence that a work-related injury has resulted in her | ¿inability to earn 90 percent or more of her average pre-injury wage. LSA-R.S. 23:1221(3)(a). Once the claimant’s burden is met, the burden shifts to the employer who, in order to defeat the claimant’s claim for SEBs or establish the claimant’s earning capacity, must prove, by a preponderance of the evidence, that the claimant is physically able to perform a certain job and that the job was offered to the claimant or that the job was available to the claimant in her or the employer’s community or reasonable geographic region. LSA-R.S. 23; 1221(3) (c) (i); Anderson, 915 So.2d at 904.
The factual finding regarding whether a workers’ compensation claimant has met her burden of proving disability and the length thereof must be given great weight and will not be overturned on appeal absent manifest error. Porter v. Gaylord Chemical Corp., 98-0222 (La.App. *743 1 Cir. 9/25/98), 721 So.2d 27, 30, writ denied, 98-2712 (La.12/18/98), 734 So.2d 638; Gordon, 693 So.2d at 1285. If there is evidence before the WCJ that furnishes a reasonable factual basis for such a finding, the WCJ’s determination of facts will not be disturbed on appeal. Moreover, where there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed upon review. Porter, 721 So.2d at 30.
In the instant case, Ms. Sanders testified at length at the trial and by deposition prior to trial. Ms. Sanders admitted that she could physically perform her carpentry construction job again, but she had a problem with working at heights or around bridges. Ms. Sanders acknowledged at trial that she could apply for a job in another field, and she has considered further training for a new job.
15A psychiatrist, Dr. Ann Arretteig, who treated Ms. Sanders for depression and post-traumatic stress disorder, testified by deposition that Ms. Sanders was not a good candidate for returning to work in the same construction career that she had before the incident, because the thought of working construction, especially at heights, triggers anxiety in Ms. Sanders. However, Dr. Arretteig did not rule out any other type of job for Ms. Sanders and specifically testified that it would be a major accomplishment for Ms. Sanders’ therapy if she found a job.
A vocational rehabilitation counselor, Carla D. Seyler, testified at trial regarding available jobs that Ms. Sanders was qualified for and that did not involve working at heights. According to Ms. Seyler, Ms. Sanders was a viable candidate for a construction carpenter job available in October 2004 that did not involve working at heights. Ms. Seyler also conducted a labor market survey and outlined several approved and available jobs that did not involve working at heights or at construction sites, ranging in wages from $7.00 per hour to $9.14 per hour. Ms. Sanders’ pre-injury wages were $9.00 per hour.
The WCJ relied upon the testimony of the vocational rehabilitation expert and of Ms. Sanders herself to conclude that Ms. Sanders’ disability had resolved to the point where she- could have returned to employment on or about October 2004 at a wage rate of at least 90 percent or greater of her average weekly wage at the time of the accident. After having carefully reviewed the medical and expert evidence of record and Ms. Sanders’ lay testimony, we find that the evidence provided a reasonable factual basis for the WCJ to find that Ms. Sanders was entitled to TTD benefits for the thirteen-month period ending in October 2004. At that point, Ms. Sanders 1 fibelieved that she could engage in some form of employment, even construction work if not at heights. There is no evidence that clearly and convincingly suggests otherwise.
In determining whether a claimant has discharged her burden of proof, the trier of fact should accept as true a witness’s uncontradicted testimony, even though the witness is a party, absent circumstances casting suspicion on the reliability of that testimony. Gordon, 693 So .2d at 1286. A WCJ’s determinations of whether a claimant’s testimony is credible and whether she has discharged her burden of proof are factual determinations which will not be disturbed upon review absent manifest error. Id. The WCJ in this case found credible Ms. Sanders’ testimony that she could have returned to some type of work at the time of her deposition in September 2004. Therefore, the WCJ’s ruling that Ms. Sanders was entitled to TTD benefits from the time of the accident until October 2004 was not manifestly erroneous.
*744 Additionally, Ms. Sanders failed to meet her initial burden of proving by a preponderance of the evidence that she could not earn 90 percent or more of her average pre-injury wage. The only evidence that claimant offered to meet her burden is that Dr. Arretteig indicated she should not return to work in the construction industry. This evidence falls short, especially in light of Ms. Sanders’ testimony that she could work at her prior construction job if not at heights. At no time did Dr. Arretteig indicate that Ms. Sanders would be unable to return to full-time work at any job; she only ruled out construction work. However, even assuming that Ms. Sanders met her initial burden of proving entitlement to SEBs (which we do not concede), there is sufficient competent evidence in the record to establish 17that the employer met its burden of defeating Ms. Sanders’ claim for SEBs. As previously discussed, the medical and lay evidence established that Ms. Sanders could work at some job. The vocational rehabilitation counselor’s labor market survey outlined several approved and available non-construction jobs at a wage rate of at least 90 percent or greater of Ms. Sanders’ pre-injury wages. Therefore, based on the evidence and our thorough review of the record, we find that Ms. Sanders failed to prove that she is entitled to SEBs.
CONCLUSION
For the foregoing reasons, the judgment of the WCJ is affirmed. Appeal costs are assessed against claimant-appellant, Dorothy L. Sanders.
AFFIRMED.