McClendon, j.
I j>This workers’ compensation case is before us on appeal from a judgment in favor of the employer and against the claimant. For the reasons that follow, we affirm.
Jeannie M. Darby-Cooley (claimant) was employed as an assistant manager by Blazin Concepts-Covington, LLC d/b/a Buffalo Wild Wings. On November 26, 2012, claimant was involved in a work-related accident when she tripped and fell on a broom left lying on the floor by a coworker. That same day, claimant was seen and treated in the emergency room at Lakeview Regional Medical Center, where she complained of pain in her neck, right arm and shoulder, and lower back. Claimant was next treated by her primary doctor, Dr. Michael Braxton, on November 28, 2012. Dr. Braxton’s impression was that claimant suffered a cervical strain with a right shoulder contusion, and he took claimant off of work for one week. On December 5, 2012, claimant followed up with Dr. Braxton, at which time he allowed claimant to return to work at light duty, with no lifting. Claimant returned to work for approximately four and one-half months. On April 8, 2013, claimant was *724 terminated because of an altercation she had with a patron.
Thereafter, on May 6, 2013, claimant filed a Disputed Claim for Compensation with the Office of Workers’ Compensation (OWC). The issues presented for trial were whether claimant was entitled to: (1) supplemental earnings benefits (SEB) from April 9, 2013, forward; (2) temporary total disability (TTD) benefits for the one week beginning from the date of the accident on November 26, 2012, through December 5, 2012; (3) the payment of three unpaid medical bills; and (4) an award of penalties and attorney fees from defendant.
Following a trial on the merits, the OWC rendered judgment, finding that claimant was not entitled to TTDs and that she did not carry her burden of proof that she was entitled to SEBs from April 9, 2013, through the date of trial on December 9, 2013. Additionally, the OWC found that claimant did not carry her |sburden of proof that the three medical bills at issue were reasonable and necessary medical treatment related to the accident at issue. Claimant’s request for penalties and attorney fees was also denied.
Claimant appealed, asserting that the OWC erred in failing to find that she was entitled to SEBs, in failing to order defendant to pay for the medical bills at issue, and in failing to grant her penalties and attorney fees.
A workers’ compensation claimant must prove by a preponderance of the evidence that an employment accident occurred and that it had a causal relationship to the resulting disability. Cutno v. Gainey’s Concrete Products, 06-1582 (La.App. 1 Cir. 5/4/07), 961 So.2d 486, 489-490. While the workers’ compensation laws are to be construed liberally in favor of the claimant, that interpretation cannot lessen the claimant’s burden. Sanders v. Coastal Bridge Co., Inc., 05-2661 (La.App. 1 Cir. 11/3/06), 950 So.2d 740, 742.
Whether a claimant has carried his or her burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact. Allman v. Washington Parish Police Jury, 04-0600 (La.App. 1 Cir. 3/24/05), 907 So.2d 86, 88. Factual findings in a workers’ compensation case are subject to the manifest error-clearly wrong standard of review. McCray v. Delta Industries, Inc., 00-1694 (La.App. 1 Cir. 9/28/01), 809 So.2d 265, 269. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556.
In its written reasons in this matter, the OWC made the following findings and stated:
When claimant was released to return to work with defendant, [claimant timely did so. She was out of work for one week when she actually returned to work. At trial, claimant testified that the job was not within her restrictions of light duty by Dr. Braxton. However, claimant continued to work at that job for about four and a half months without interruption due to any physical disability. Claimant did not carry her burden of proof that she was unable to do the job provided to her post accident nor that the job exceeded her physical restrictions.
[[Image here]]
This altercation event between claimant and the patron was the sole reason that claimant was terminated on April 8, 2013. This termination for cause on *725 April 8, 2013 was the sole reason that on April 9, 2013, claimant was no longer earning 90% of her pre-accident wages.
At issue at trial was whether or not the April 8, 201 [3] termination of claimant by defendant ended any obligation of defendant to pay SEB indemnity benefits to claimant after that date due to the accident. The court ruled that this termination for cause ended defendant’s obligation to pay SEB to claimant from April 9, 2013 forward.
Claimant sought payment from defendant for three unpaid or untimely paid medical bills....
Based on the evidence presented at trial, the court concluded that the three “medical bills” at issue were in fact, collection letters and nothing more.... Hence, based on the evidence presented for the three medical bills, no payment was ordered due from defendant.
Accordingly, no penalties [or] attorneys fees are due in this matter.
Following a thorough review of the record, we find no error in the findings of the OWC. A reasonable factual basis exists for the OWC’s findings. Thus, we affirm the OWC decision in accordance with Uniform Rules — Courts of Appeal, Rule 2-16.1B. Costs of this appeal are assessed against the claimant, Jeannie M. Darby-Cooley.
AFFIRMED.