STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1086

MARY O. SIMON

VERSUS

COMMUNICATIONS CORP. OF AMERICA

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT #4
PARISH OF LAFAYETTE, NO. 11-00106
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C.
Peters, Judges.

REVERSED AND RENDERED.

Michael B. Miller
Jacqueline B. Manecke
P. O. Box 1630
Crowley, LA 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLANT:
    Mary O. Simon

**Jeff R. Rytlewski**
**Attorney at Law**
**3900 N. Causeway Blvd., Suite 1040**
**Metairie, LA 70002**
**(504) 836-2786**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Communications Corp. of America**
**Sentinel Insurance Co.**

**SAUNDERS, J.**

This case involves the payment of penalties and attorney fees under La.R.S. 23:1201(F) after an employer allegedly failed to timely investigate or pay weekly medical benefits to its former employee. Plaintiff-employee appeals the lack of attorney fees awarded. We reverse and award attorney fees.

## FACTS AND PROCEDURAL HISTORY

Mary O. Simon ("Simon") developed an ulnar nerve entrapment as a result of her job duties as a receptionist while employed by Communications Corporation of America ("CCA"). Simon made a claim for benefits on April 27, 2010. No indemnity or medical benefits were paid to Simon. Subsequently, Simon obtained legal counsel in January 2011.

On January 3, 2011, a letter of representation was sent to both CCA and its insurer. In the correspondence, a request was made for the employer/insurer to guarantee medical treatment by a physician of Simon's choice. CCA did not respond to this correspondence.

A motion to compel medical treatment was filed and, after a hearing with the workers' compensation judge ("WCJ"), CCA was ordered to pay for an examination by Simon's choice of physician, Dr. Robert Morrow ("Dr. Morrow"). Dr. Morrow issued a report on May 24, 2011, which indicated Simon should discontinue performing her job as a receptionist. This report was submitted to CCA by correspondence dated June 14, 2011. CCA did not request that Simon see a second physician during this period.

On August 4, 2011, CCA attempted to obtain medical evidence regarding causation and Simon's ability to work. Another report by Dr. Morrow, where he again indicated Simon's ulnar never condition resulted from her job and that she was unable to return to work as a receptionist, was sent to CCA on October 3,

2011. CCA scheduled a deposition of Dr. Morrow for October 28, 2011. Dr. Morrow confirmed his previous findings that he felt Simon's ulnar never damage resulted from her employment and that he felt Simon was not capable of returning to her prior duties.

On November 9, 2011, CCA requested Simon appear for a Second Medical Examination ("SMO") to be performed by Dr. Stanley Foster ("Dr. Foster"). This examination was set for December 20, 2011; however, Dr. Foster refused to see Simon because she would not sign and fill out all documents presented to her by Dr. Foster. CCA filed a motion to compel a SMO. The WCJ judge found that Simon was not required to sign all the documents provided to her by Dr. Foster. The SMO was not completed until after the trial on the merits.

A trial on the merits was held on January 17, 2012. The WCJ found that Simon sustained an occupational disease in the course and scope of her employment with CCA. As such, Simon was entitled to indemnity benefits as well as medical treatment resulting from the ulnar nerve injury. Simon was also entitled to supplemental earning benefits and all necessary medical treatment and diagnostic testing for her ulnar nerve condition. The WCJ did not award penalties or attorney fees, instead the WCJ held that CCA reasonably controverted the claim and investigated the claim in a reasonable manner.

Simon appeals the denial of penalties and attorney fees.

## ASSIGNMENTS OF ERROR

On appeal, Simon asserts the WCJ erred in failing to award penalties and attorney fees due to CCA's lack of reasonable basis in denying indemnity and medical benefits.

2

## LAW AND ANALYSIS

**Standard of Review**

The decision of the WCJ to award penalties and attorney fees in a workers' compensation case is entitled to great discretion and will not be reversed on appeal absent an abuse of that discretion. *Miles v. Pinecrest Dev. Ctr.*, 00-1622 (La.App. 3 Cir. 2/28/01), 779 So.2d 1112. In the instant case, there are no factual disputes; rather, the present matter involves purely a question of law. Consequently, in deciding whether Simon is entitled to a separate penalty for each late payment of indemnity benefits, we must determine whether the WCJ was legally correct in her application of La.R.S. 23:1201(F).

**Availability of Penalties & Attorney Fees under La.R.S. 23:1201(F)**

It is undisputed that Simon has an occupational disease as a result of her employment with CCA. It is also undisputed that Simon is entitled to indemnity benefits and all necessary medical treatment for her injury. These facts were not appealed.

There are delays set forth in the Workers' Compensation Act requiring that employers/insurers respond within a certain period of time for requests for weekly compensation benefits and medical benefits. An employer/insurer has fourteen days from the receipt of notice of the employee's disability to pay indemnity benefits. Louisiana Revised Statutes 23:1201(B), in pertinent part, states,

> The first installment of compensation payable for temporary total disability, permanent total disability, or death shall become due on the fourteenth day after the employer or insurer has knowledge of the injury or death, on which date all such compensation then due shall be paid.

Louisiana Revised Statutes 23:1201(E) provides that "[m]edical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof." The employer/insurer must guarantee and/or pay

all medical benefits within sixty days of notice. Furthermore, the employer/insurer has an obligation to timely investigate the claim and determine the compensability of the claim. Louisiana Revised Statutes 23:1122, in pertinent part, states, "[t]he employer shall cause the examination provided for in the proceeding section to be made immediately after knowledge or notice of the accident." La.R.S. 23:1122.

An employer cannot refuse to investigate a claim in order to avoid payment of benefits. Simon worked for CCA for over three years and presented medical evidence that her injury was related to employment duties and that she was disabled. Simon first reported her injury to CCA on April 27, 2010. CCA failed to investigate the medical condition of Simon for over eighteen months despite their obligation to have an examination done immediately after knowledge of Simon's claim. Thus, CCA failed to timely request an examination of Simon.

Dr. Morrow's reports clearly indicated his opinion that Simon suffered a work-related injury and that she should not return to her duties as a receptionist. A report from University Medical Center ("UMC"), along with interrogatory answers, was also sent to CCA on August 2, 2011. The UMC report stated that Simon "has bilateral ulnar neuropathy that requires surgery probably due to repetitive work and subsequent nerve entrapment and the damage is likely permanent." Even after receipt of Dr. Morrow's report on June 14, 2011, and the responses to discovery in August 2011, CCA failed to further investigate the causation or disability issue or pay benefits. Furthermore, Dr. Morrow's second report submitted on October 3, 2011, was also clear.

"The employer has a continuing duty to investigate, assemble, and assess factual information before it denies benefits." *Mitchell v. Alliance Compressors*, 05-1186, p. 8 (La.App. 3 Cir. 4/5/06), 926 So.2d 127, 133. CCA failed to do a proper investigation and was unreasonable in its delays. CCA had fourteen days to

4

respond to the multiple reports or pay disability benefits. *See* La.R.S. 23:1201(B). CCA failed to do so. CCA did not obtain factual or medical information to controvert Simon's claim and, therefore, CCA lacked a reasonable basis for not paying weekly benefits to Simon.

It was not until after the deposition of Dr. Morrow was taken on October 28, 2011, that CCA requested a SMO on November 9, 2011. The SMO was scheduled for December 20, 2011, long after the legal delays for payment of indemnity benefits for providing medical treatment had passed, as well as past the fourteen-day period for paying weekly benefits and the sixty-day deadline for approving medical treatment. *See* La.R.S. 23:1201(B), (E). An SMO was finally obtained by Dr. Bernard after the trial held on January 17, 2012. Dr. Bernard believed that Simon's injuries were not related to her work activities with CCA. Had this medical information from Dr. Bernard been available sooner, it may have provided a reasonable basis for denying Simon's benefits. However, the law is clear that a defendant cannot use facts obtained after a denial as a reasonable basis for denying the claim. *See Regan v. Eunice Superette, Inc.*, 04-227 (La.App. 3 Cir. 9/29/04), 884 So.2d 1209.

Louisiana Revised Statutes 23:1201(F) requires that the defendant either provide the medical treatment or have a reasonable basis for not providing the treatment. Without a reasonable basis for denying medical treatment, the employer will owe penalties of $50.00 per day up to $2,000.000 or 12% of all amounts due, whichever is greater. La.R.S. 23:1201(F). A workers' compensation claim is "reasonably controverted" by an employer, for purposes of avoiding a claim for penalties and attorney fees, if the employer has sufficient factual and medical information to counter that presented by the claimant. *LeJeune v. Bell Tower Corp.*, 09-1222 (La.App. 3 Cir. 4/7/10), 34 So.3d 464.

5

CCA had no factual or medical basis to withhold indemnity and medical treatment to Simon. CCA had no medical evidence that Simon's ulnar nerve condition was unrelated to her employment or that she was not disabled. At the time of the trial on January 17, 2012, CCA still had failed to pay any benefits to Simon. CCA did not reasonably controvert Simon's claim, so an award of penalties and attorney fees is appropriate. The WCJ was manifestly erroneous in not awarding penalties and attorney fees under La.R.S. 23:1201(F).

**Calculation of Penalties & Attorney Fees under La.R.S. 23:1201(F)**

There are several factors to be considered when determining the amount of attorney fees to be awarded in a workers' compensation case. These factors include "the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the claimant, and the amount of time the attorney devoted to the case." *Langley v. Petro Star Corp. of La.*, 01–198, p. 11 (La. 6/29/01), 792 So.2d 721, 727, *citing McCarroll v. Airport Shuttle, Inc.*, 00–1123 (La. 11/28/00), 773 So.2d 694. We have examined the record and find that awards of $7,000.00 in attorney fees–for work done at the trial level–and $5,000.00 in attorney fees–for work done on this appeal–are reasonable.

Louisiana Revised Statutes 23:1201(F) provides that a penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim, with an eight-thousand-dollar maximum amount regardless of the number of penalties available. The Louisiana Supreme Court in *Fontenot v. Reddell Vidrine Water Dist.*, 02-0439, p. 13 (La. 1/14/03), 836 So.2d 14, 24, held that La.R.S. 23:1201(B), (C), (D), and (E) impose a continuing obligation on the employer/insurer: "(1) to pay all compensation and medical benefits due," and "(2) to pay for compensation and medical benefits within the time limit specified. Should the employer/insurer not abide by those dictates, the Legislature has made

6

available to the employee the provisions of La.R.S. 23:1201(F), which provide for penalties and attorney fees, to encourage compliance." *Id.* "An employer/insurer may make multiple errors in this regard and may have two or more claims under La.R.S. 23:1201(F)." *Id.*

Under La.R.S. 23:1201(F), it is the "[f]ailure to provide payment in accordance with this Section [La.R.S. 23:1201]" that "shall result in the assessment of a penalty." Pursuant to La.R.S. 23:1201(B), the first installment of "all compensation then due" is due on the fourteenth day after the employer or insurer has knowledge of the injury. Additionally, pursuant to La.R.S. 23:1201(E), "[m]edical benefits payable" must be paid within sixty days after the employer receives written notice.

*Fontenot* makes it clear that the Office of Workers' Compensation and appellate courts have a duty to "ferret" out penalties for which an award should be made. *Fontenot v. Reddell Vidrine Water Dist.*, 836 So.2d at 26.

> For employers/insurers, the need to provide for injured workers is a continuing obligation, one recognized in the legislative enactments as a duty to pay the employee or dependent the maximum percentage of wages to which the employee is entitled, to make compensation payments timely, and to provide needed medical care in conformity with statutory guidelines.

*Id.* The record reflects that CCA did not pay compensation due within the requisite time periods. Simon made a claim for benefits on April 3, 2010, and no benefits were subsequently paid. CCA was aware of Simon's injury and did not pay the compensation owed within the requisite fourteen days. Furthermore, CCA did not pay medical benefits that were payable within sixty days of written notice. Written correspondence with a report by Dr. Morrow was submitted to CCA on June 14, 2011. CCA did not pay medical benefits payable until after the trial in January of 2012.

7

CCA failed to abide by both continuing obligations–to pay all compensation due and to pay medical benefits due and to do both within the appropriate time limits imposed on an employer/insurer for each obligation. Simon is entitled to $4,000.00 in penalty fees under La.R.S. 23:1201(F).

## CONCLUSION

CCA did not reasonably controvert Simon's claim and, therefore, had no reasonable basis for withholding indemnity and medical treatment to Simon. CCA acted unreasonably in its failure to investigate Simon's claims and in withholding medical payments. We award $4,000.00 in penalties and $12,000.00 in attorney fees under La.R.S. 23:1201(F).

Costs of this appeal are assessed to CCA.

**REVERSED AND RENDERED.**